## WASHINGTON RAILWAY & ELECTRIC COMPANY v. SCALA, ADMINISTRATRIX OF SCALA.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 826.    Argued May 8, 1917.—Decided June 11, 1917.

The court has jurisdiction by writ of error to review this judgment of the Court of Appeals of the District of Columbia in a case arising under the Federal Employers' Liability Act of April 22, 1908, 35 Stat. 65, as amended April 5, 1910, 36 Stat. 291.

Defendant was incorporated as an ordinary railway company (as distinguished from a street railway company), with full powers of eminent domain, and owned a line of electric railway built largely on a private right of way from a terminus in the District of Columbia to a terminus in Maryland, which it operated as a common carrier of passengers for hire between those termini. *Held* that it came within the Federal Employers' Liability Act.

If the declaration alleges that the injuries charged to defendant's negligence caused plaintiff's intestate to "suffer intense pain," an amendment at trial adding that deceased endured "conscious pain and suffering" is but an elaboration of the existing statement, and is not open to the objection that it introduces a new cause of action barred by the two year limitation of the Federal Employers' Liability Act.

Maintaining a trolley pole closer to the track than others on the line, and so close that a conductor can not safely discharge his duties, affords ample ground for a finding of negligence by the jury.

45 App. D. C. 484, affirmed.

THE case is stated in the opinion.

*Mr. John S. Barbour*, for plaintiff in error, in support of the jurisdiction, contended that the various sections of the Employers' Liability Act of 1908, with the amendments of 1910, were meant to constitute a single law operative throughout the Union, as is apparent upon their perusal.

Section 2 cannot be considered and administered alone any more than can § 1. The other sections which co-ordinate with both are general in their nature and operation, cannot be construed finally by one authority for the District of Columbia and by another for the country at large, and are not the result of the exercise of the power of Congress to govern the District but come from its power over interstate commerce. The construction of the other sections is involved in this case. Furthermore, plaintiff's cause of action was based on § 1 as shown by the allegations of the surviving counts of the declaration and by the position assumed by her counsel in the court below. Even if § 2, taken by itself, could be treated as a local law, the remaining sections are nevertheless parts of a general law. *American Security & Trust Co.* v. *District of Columbia,* 224 U. S. 491; *Washington, Alexandria & Mt. Vernon Ry. Co.* v. *Downey,* 236 U. S. 190; *McGowan* v. *Parish,* 228 U. S. 312.

It must be remembered that, in the *Downey Case,* while the liability sustained rested purely upon the plenary local power of Congress, the act was held applicable to the case of an employee engaged in interstate commerce because, as a local statute, it governed in the absence of legislation of a general character governing the subject.

Appellant as a matter of law was not to be held a common carrier by railroad within the meaning of § 1 of the Act of 1908. Its charter (29 Stat. 246), which was in evidence, expressly forbids it from operating steam cars, locomotives, or passenger or other cars for steam railways. Other evidence also showed that it was chartered as a street railway company only and did business only as such. It carried no freight.

The rule of construction is that, unless from the context a different meaning appears, the term "common carrier" applies only to carriers of property and not to carriers of persons merely. *New York Central & Hudson River*

*R. R. Co.* v. *Shirley*, 120 N. Y. Supp. 192; *Brewer* v. *Railway Company*, 45 Hun, 595; *Central Railroad of Georgia* v. *Lippman*, 110 Georgia, 665; Bouvier; Hutchison on Carriers, § 47; Greenleaf on Evidence, vol. 2, § 211.

Assuming that a suburban street railway company operated by electricity and carrying passengers only is a common carrier, still it is not a "railroad" within the meaning of the act. *McLeod* v. *Chicago &c. Ry. Co.*, 125 Iowa, 270; *Fallon* v. *West End Street Ry. Co.*, 171 Massachusetts, 249; *Lundquist* v. *Duluth Street Ry. Co.*, 65 Minnesota, 387; *Funk* v. *St. Paul Street Ry. Co.*, 61 Minnesota, 435; *Sams* v. *St. Louis & Merrimac R. R. Co.*, 174 Missouri, 53; *Godfrey* v. *St. Louis Tourist Co.*, 107 Missouri, 193; *Johnson* v. *Metropolitan Street Ry. Co.*, 104 Mo. App. 588; *Riley* v. *Galveston City Ry. Co.*, 13 Tex. Civ. App. 247; *Norfolk Traction Co.* v. *Ellington*, 108 Virginia, 245. See *Omaha & Council Bluffs Street Ry. Co.* v. *Interstate Commerce Commission*, 230 U. S. 324; *Hughes* v. *Indiana Traction Co.* (Indiana), 105 N. E. Rep. 537.

*Omaha & Council Bluffs St. Ry. Co.* v. *Interstate Commerce Commission*, makes plain that the facts that a street railway does a suburban as well as an urban business, is operated by electricity instead of horse power and operates in part over a private right of way, do not give it the character of a "railroad" within these acts. *United States* v. *Baltimore and Ohio S. W. Ry. Co.*, 226 U. S. 14; *Kansas City &c. Ry. Co.* v. *McAdow*, 240 U. S. 51; *Spokane &c. Ry. Co.* v. *United States*, 241 U. S. 344, and *Same* v. *Campbell*, *id.* 497, all had to do with roads operating between cities, and carrying both passengers and freight after the manner of steam railroads, and competing with them—unlike the road of the plaintiff in error.

At most the question of the character of appellant was one for the jury and not for peremptory instruction.

The trial court erred in allowing a new cause of action to be introduced by amendment after the evidence had

all been taken and the witnesses discharged, especially one which was already barred by the limitation of the statute under which such cause of action was permitted to survive. The right of action for the conscious pain and suffering of the deceased based wholly on the Act of 1908, as amended in 1910, was not counted on nor damages claimed under it in the declaration. The distinction between such a cause and the cause relied on prior to the amendment is clearly shown in *Michigan Central R. R. Co.* v. *Vreeland*, 227 U. S. 59; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Craft*, 237 U. S. 648; *Garrett* v. *Louisville & Nashville R. R. Co.*, 235 U. S. 308; *Gt. Northern Ry. Co.* v. *Capital Trust Co.*, 242 U. S. 144. Under the declaration as originally drawn there was but a single cause of action asserted, namely, the action for pecuniary loss and damage resulting to the parents by reason of the untimely death of their son. The pleading could not justify a recovery under his surviving right of action. See *Hurst* v. *Detroit City Railway*, 84 Michigan, 539. It is contrary to the settled law to permit a cause of action which has been barred by limitation, and which is not even defectively pleaded, to be revived by an amendment relating back to the beginning of the action. 25 Cyc. 1308, 31 *id.* 413; *Nelson* v. *First Natl. Bank*, 139 Alabama, 578; *Mohr* v. *Lemle*, 69 Alabama, 180; *Whalen* v. *Gordon*, 95 Fed. Rep. 305; *Schulze* v. *Fox*, 53 Maryland, 37.

*Seaboard Air Line Ry.* v. *Renn*, 241 U. S. 290; *Illinois Surety Co.* v. *Peeler*, 240 U. S. 214, and *Missouri, Kansas & Texas Ry. Co.* v. *Wulf*, 226 U. S. 570, are to be distinguished as cases in which the amendments merely extended or amplified statements of causes of action already set up.

The plaintiff in error did not waive its right to plead the statute of limitations to the amended declaration by its failure to object to the first amendment. The court below disposed of this objection in its opinion, citing *Union*

*Pacific Ry. Co.* v. *Wyler,* 158 U. S. 285, in addition to which, see *Atlantic Coast Line Ry.* v. *Burnett,* 239 U. S. 199, 201, holding that where a statutory right of action of this kind is given, to be asserted within a stated period, a plea of the limitation is unnecessary and the bar may be claimed under the general issue.

Counsel also contended that there was a dearth of evidence of conscious pain and suffering; *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Craft,* 237 U. S. 648; that the amendment failed to assert a claim for pain and suffering in sufficient form; that allowance of the amendment took defendant by surprise and that evidence should have been taken on defendant's plea of the statute of limitations to the amended declaration. They also made the points that there was no negligence on the part of the plaintiff; that, if there was, it was not the proximate cause and decedent assumed the risk; and that the trial judge erred in the instructions concerning some of these matters.

*Mr. Daniel W. O'Donoghue,* with whom *Mr. Arthur A. Alexander* was on the briefs, for the defendant in error, moved to dismiss the writ of error upon the ground that, as applied to this case, the Employers' Liability Act of 1908, as amended in 1910, should be regarded as a local act and not such a general law of the United States as when construed affords jurisdiction to this court to review a final judgment of the Court of Appeals of the District of Columbia, under Jud. Code, § 250, par. 6. *American Security & Tr. Co.* v. *District of Columbia,* 224 U. S. 491. It was conceded in both courts below that the death of the employee occurred about a mile out in the country westward from that part of the City of Washington which is known as Georgetown, but within the limits of the District of Columbia. Whenever the injury occurs within the District the case is governed by § 2 of the Act of 1908. The same reasoning which induced the court in *Washing-*

*ton, Alexandria & Mt. Vernon Ry. Co.* v. *Downey,* 236 U. S. 190, to hold that the Employers' Liability Act of 1906, as applied to the District, was local, holds good in respect of the Act of 1908. See *El Paso & Northeastern Ry. Co.* v. *Gutierrez,* 215 U. S. 87. The fact that the general provision defining the application of the Act of 1908 is in one section (§ 1), while that declaring liability in the District and the Territories is placed in a separate section (§ 2), makes the intention to regulate locally even clearer than it was in the Act of 1906, where both aspects were fused in one section.

The injury having occurred in the District, the fact that it was also in the course of commerce between the District and the State of Maryland does not bring the carrier within § 1, because, as said in the *Downey Case, supra,* the test whether the statute is general or local depends on the source of the legislative power exerted, that is, whether it comes from the purely local power to govern the District or the power over interstate commerce, and whether in its general operation it was intended as a local law. See *Gutierrez Case, supra,* p. 97.

If this court has jurisdiction by writ of error, the anomalous situation results that judgments of the Court of Appeals of the District in these cases may be reviewed here as of right, while the jurisdiction to review such judgments when rendered by the Circuit Courts of Appeal is cut off by the Act of September 6, 1916, 39 Stat. 726.

The correct view is that § 1 of the Act of 1908 applies to interstate commerce to or from the District only when the injury occurs outside of the District. This is shown by the fact that § 2 does not employ the language of § 1, "in such commerce," but expressly provides that the carrier shall be liable to any employee "suffering injury . . . in any of said jurisdictions."

When the case is governed by the local statute, namely, § 2 of the act, then necessarily §§ 3 to 9 are ancillary to and

become part of the local statute. In local cases, all sections apply, except § 1; in an interstate case, where the injury occurs outside of the District, all sections except § 2 apply.

If the court should hold that the plaintiff in error is not a "common carrier by railroad" within the meaning of the Act of 1908, the case should be disposed of, not by reversal, but by dismissing the writ of error because the action then would be governed by the Employers' Liability Act of 1906. See *Employers' Liability Cases*, 207 U. S. 497, and *El Paso & Northeastern Ry. Co.* v. *Gutierrez, supra.* The Act of 1908 expressly provides that the Act of 1906 shall not be thereby repealed, and under *Washington, Alexandria & Mt. Vernon Ry. Co.* v. *Downey, supra,* the judgment in a case based on the earlier act would not be reviewable here.

MR. JUSTICE CLARKE delivered the opinion of the court.

This case is before us on writ of error to the Court of Appeals of the District of Columbia, and we shall refer to the parties as they appeared in the trial court, the defendant in error as plaintiff and the plaintiff in error as defendant.

On July 8, 1913, the plaintiff's decedent was a conductor in the employ of the defendant, a common carrier of passengers by an electric railroad, with termini as hereinafter described, and when standing or moving along the "running or stepping board" of an open summer car, in the evening after dark, his body in some manner struck against one of the poles supporting the overhead wires and he was so injured that he died within an hour.

The negligence charged in the third and fourth counts of the declaration on which the case was tried is the placing of the poles so close to the track that the decedent did not have a reasonably safe place in which to discharge

the duties required of him, and the allegations of these counts bring the case within the Federal Employers' Liability Act, approved April 22, 1908, 35 Stat. 65, as amended April 5, 1910, 36 Stat. 291.

A motion by the defendant in error to dismiss the writ of error for want of jurisdiction and a petition filed by the plaintiff in error for a writ of certiorari, both of which were postponed to the hearing on the merits, are denied.

Coming to the merits of the case we are confronted with eighteen claims of error, which, however, resolve themselves into but three of substance sufficient to call for attention, viz:

(1) That the defendant in error at the time of the accident was not a "common carrier by railroad" within the meaning of the Federal Employers' Liability Act of April 22, 1908.

(2) That the trial court erred in permitting the plaintiff to amend her declaration on the trial, after all the testimony had been introduced, and at a time more than two years after the accident had occurred, by inserting a claim for "conscious pain and suffering" of the deceased. This amendment, it is claimed, in effect allowed a recovery on a second and new cause of action after it was barred by the two years limitation of the act.

(3) That the court erred in submitting the case to the jury for the reason that no substantial evidence of negligence was introduced on the trial.

Four acts of Congress, the first providing for the incorporation of the defendant company and the other three amending the first, were introduced in evidence on the theory that they were private acts and otherwise would not be before this court.

With these acts and the evidence and admissions shown in the record before us, it is clear that the defendant was incorporated as, and at the time of the accident complained of was, a railway company, not a street railway

company; that it had full powers of eminent domain; that at the time of the accident complained of it owned and operated a line of electric railway extending from a terminus within the District of Columbia to a terminus at Cabin John Creek, in the State of Maryland, a large part of the line being constructed on a private right of way, and that it was at that time a common carrier of passengers for hire between its termini.

It is argued that under the decision in *Omaha & Council Bluffs Street Ry. Co.* v. *Interstate Commerce Commission,* 230 U. S. 324, the railway of the defendant was a street railroad and that therefore the defendant was not a "common carrier by railroad" within the terms of the Act of 1908 as amended.  That case dealt with a purely street railway in the streets of two cities, and the decision was that it was not a "railroad" such as was intended to be placed under the jurisdiction of the Interstate Commerce Commission by the Interstate Commerce Act of 1887.  The case is of negligible value in determining either the construction of the act we are considering in this case, or the classification of the defendant, which clearly enough is a suburban railroad common carrier of passengers within the scope of the Federal Employers' Liability Act, as is sufficiently decided by *United States* v. *Baltimore & Ohio Southwestern Ry. Co.,* 226 U. S. 14; *Kansas City Western Ry. Co.* v. *McAdow,* 240 U. S. 51; *Spokane & Inland Empire R. R. Co.* v. *United States,* 241 U. S. 344, and *Spokane & Inland Empire R. R. Co.* v. *Campbell,* 241 U. S. 497.

This first claim of error of the defendant must be denied.

Seven days before the case came on for trial, the court granted leave to the plaintiff, no objection being noted, to amend the fourth count of her declaration by adding the allegation that the injuries received by the deceased caused him to "suffer intense pain."  After all of the evidence had been introduced on the trial, the

court, immediately before charging the jury, permitted the plaintiff to further amend the third and fourth counts of her declaration by adding to each the allegation that the negligence of the defendant resulted in "conscious pain and suffering" to the deceased. To the allowing of this last amendment the defendant objected, and the objection being overruled excepted, and it thereupon answered the declaration as thus amended pleading "not guilty and the statute of limitations of two years."

The death of plaintiff's decedent occurred on July 8, 1913. This amendment was allowed on October 29, 1915, and it is urged that the effect of it was to allow the plaintiff to recover upon a claim that the deceased endured "conscious pain and suffering," which would not have been allowed without the amendment, and that such claim was barred by the provision of the Employers' Liability Act, that no action shall be maintained under it unless commenced within two years from the time the cause of action accrued. Before this last amendment the third and fourth counts of the declaration stated a case of negligence plainly within the terms of the Employers' Liability Act and claimed damages for the death of deceased from injuries which the prior amendment alleged caused him to "suffer intense pain." Under these two counts as they then stood, testimony was admitted, without objection, tending to prove that the deceased suffered pain during the comparatively short interval between the time he was injured and when he lapsed into the period of unconsciousness which preceded his death.

As we have seen, the fourth count, before the amendment objected to, alleged that the injuries received caused the deceased to suffer "intense pain" and the added allegation is that the injuries caused him "conscious pain and suffering." The difference between the two, if there is any difference at all, is too elusive for application in the practical administration of justice, and the claim that

this amendment added a new cause of action to the declaration is too fanciful for discussion. At most it was a slight elaboration of a probably sufficiently claimed element of damage, and the allowance of the amendment was well within the authority and the effect of *Missouri, Kansas & Texas Ry. Co.* v. *Wulf,* 226 U. S. 570; *Illinois Surety Co.* v. *Peeler,* 240 U. S. 214, and *Seaboard Air Line Ry.* v. *Renn,* 241 U. S. 290.

A word will suffice for the claim remaining. The trolley pole against which plaintiff's decedent struck was shown to be considerably closer to the track than the other poles on the line and it is sufficient to say that the trial and appellate courts both found that the maintaining of such pole so close to the track that a conductor could not safely discharge the duties required of him, constituted evidence of negligence sufficient to justify submitting the case to the jury and with this conclusion we cordially agree.

The record shows that the case was submitted to the jury in a comprehensive charge sufficiently favorable to the defendant and the judgment of the Court of Appeals of the District of Columbia is

*Affirmed.*

THE CHIEF JUSTICE did not take part in the consideration or decision of this case.