**MANGUM v. CAPITAL TRACTION CO.**
No. 4818.

Court of Appeals of District of Columbia.
Argued Jan. 10, 1930.
Decided March 3, 1930.

W. Gwynn Gardiner and South Trimble, Jr., both of Washington, D. C., for appellant.

G. Thomas Dunlop, Frank J. Hogan, and Edmund L. Jones, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment for defendant in a personal injury case, entered upon a directed verdict at the close of plaintiff's evidence.

On March 23, 1926, the appellant as plaintiff commenced an action in the lower court against the Capital Traction Company, claiming damages because of personal injuries sustained by him on March 25, 1924, in consequence of defendant's negligence in the operation of its railway. It appears that at the time of the accident the plaintiff was employed as a motorman by the company, and in the performance of his duties he was operating a street car from the Navy Yard to Fourteenth street and Colorado avenue; his run being entirely within the District of Columbia. While the plaintiff's car was at a standstill for the purpose of discharging passengers, it was collided with in the rear by another car of the defendant company. The force of the collision threw the plaintiff backwards, causing him to strike his head against parts of the car, inflicting severe injuries upon him. It is charged by plaintiff and admitted by defendant that the accident was

due to the negligence of the defendant and its other employees.

At the close of plaintiff's evidence, the lower court sustained defendant's motion for a directed verdict upon the sole ground that plaintiff's action was barred because not brought within one year from the time when the cause of action accrued. This ruling accordingly presents the only question involved in the present appeal.

■ Plaintiff contends that his action is brought under the Federal Employers' Liability Act of April 22, 1908 (35 Stat. 65 [45 USCA §§ 51–59]), which provides for such personal injury actions against common carriers by railroad in the District of Columbia, and other places, and permits actions thereunder to be brought within two years after the cause of action accrues. Plaintiff alleges that the Capital Traction Company at the time of the accident was "a common carrier by railroad" within the intent of the act, and that, inasmuch as his action was brought within two years after the accident, it was not barred by limitation of time.

The defendant on the other hand contends that the Act of April 22, 1908, upon which plaintiff relies, relates solely to railroads, and does not apply to street railways, and contends that street railways are governed by the Federal Employers' Liability Act of June 11, 1906 (34 Stat. 232), which authorizes such actions to be brought against common carriers in the District of Columbia and other places, and limits the time within which they may be brought to one year after the cause of action accrues. Defendant alleges that the Capital Traction Company is and always has been a street railway, and has never been a railroad in the sense of the Employers' Liability Acts, and that the limitation of the Act of 1906 therefore applies in this case, and, inasmuch as the plaintiff's present action was not brought within one year after the cause of action accrued, he is barred from recovering herein.

We think that street railways are not included within the classification of "common carriers by railroad" as used in the Federal Employers' Liability Act of April 22, 1908. This conclusion follows from the natural import of the terms therein employed, from the history of the legislation, and from various expressions to be found in Supreme Court opinions. See Employers' Liability Cases, 207 U. S. 463, 28 S. Ct. 141, 52 L. Ed. 297; Omaha & Council Bluffs Street Railway Co. v. Interstate Commerce Commission, 230 U. S. 324, 33 S. Ct. 890, 57 L. Ed. 1501, 46 L. R. A. (N. S.) 385; Washington Railway & Electric Co. v. Scala, 244 U. S. 630, 37 S. Ct. 654, 61 L. Ed. 1360.

■ It is our opinion also that the Capital Traction Company was a street railway and not a railroad or common carrier by railroad at the times in question. In Washington Railway & Electric Co. v. Scala, 244 U. S. 630, 37 S. Ct. 654, 655, 61 L. Ed. 1360 (affirming 45 App. D. C. 484), the Supreme Court held the appellant company to be a railway company and not a street railway, and gave the reasons for that definition in the following words: "With these acts and the evidence and admissions shown in the record before us, it is clear that the defendant was incorporated as, and at the time of the accident complained of was, a railway company, not a street railway company; that it had full powers of eminent domain; that at the time of the accident complained of it owned and operated a line of electric railway extending from a terminus within the District of Columbia to a terminus at Cabin John creek, in the state of Maryland, a large part of the line being constructed on a private right of way, and that it was at that time a common carrier of passengers for hire between its termini."

The distinction between street railways and commercial railroads is thus stated in 25 R. C. L. p. 1115: "A street railway in its inception is a purely urban institution. It is intended to facilitate travel in and about the city from one part of the municipality to another, and thus relieve the sidewalk of foot passengers and the roadway of vehicles. It is thus an aid to the exercise of the easement of passage; strictly a city conveyance, for the use of the city, by people living or stopping therein, and fully under the control of the municipal authorities, who have been endowed with ample power for that purpose. Speaking generally, then, a street railway is local, derives its business from the streets along which it is operated, and is in aid of the local travel upon those streets; while a commercial railway usually derives its business, either directly or indirectly, through connecting roads, from a large area of territory, and not from the travel on the streets of those cities, either terminal or way stations, along which they happen to be constructed and operated."

The record herein discloses that the Capital Traction Company is the successor of several earlier companies, none of which ever possessed the power of eminent domain, nor does the present company have such power;

288

that the entire trackage of the company in the District of Columbia is operated for the public convenience as a street railway over the public streets and avenues of the District; that no part of its line in the District of Columbia is on a private right of way; and that practically its entire trackage extends through densely populated sections of the city.

It is true that the company owns and operates a trackage extending about a mile and a half into Maryland which is continuous with its line within the District, and that it operates its cars as lessee over other extensions into the state of Maryland. It appears, however, that these lines extend into adjacent urban neighborhoods, which for purposes of transportation are practically part of the city, and are but extensions of the city street car systems.

The plaintiff relies upon the Washington Railway & Electric Company v. Scala, above cited, as authority for his contention that the defendant is a railroad in the sense of the Employers' Liability Acts. In that case, however, the railway was chartered, not as a street railway system, but as an electric trolley suburban and interurban railway company, and extended from the western edge of the city through small suburbs and country, with power to extend its line westwardly from Thirty-Sixth and Prospect streets, this city, to Cabin John creek in Maryland. It operated its cars between these termini. It possessed full powers of eminent domain, and its line was built largely on a private right of way between its termini. The case cited differs materially from that now before us.

We agree, therefore, with the decision of the lower court, and its judgment is affirmed, with costs.