ALFRED TUTINO, PLAINTIFF-RESPONDENT, v. FORD MOTOR COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Argued May 23, 1933—Decided October 16, 1933.

For the defendant-appellant, *Lindabury, Depue & Faulks* (*Burtis S. Horner* and *Walter F. Waldau*).

For the plaintiff-respondent, *Edward A. Markley, Charles W. Broadhurst* (*Thomas J. Stanton*).

The opinion of the court was delivered by

BODINE, J. The plaintiff recovered damages for the loss of an eye in a common law action. At the time of the accident, he was employed as a machinist. He was drilling a hole in some concrete when a particle entered his left eye. He was treated in first aid rooms established by the defendant and was attended by nurses and a physician also in its employ. The basis of the action was the improper manner in which the defendant had performed its duty to furnish proper medical and surgical treatment, and because of the lack of skill and training of its employes. The recovery could only

be had for injuries not arising out of and in the course of the employment. For the decision of this case it may be said that the proofs tend to show that the nurses and physicians employed by the defendant improperly and in a negligent manner removed the concrete imbedded in the eye, the nurses and not the physician probing in the eye, contrary to good medical practice. The physician instructed them so to do.

The plaintiff's employment was under the second section of the Workmen's Compensation act. For accidental injuries arising out of and in the course of his employment the statute furnished an exclusive remedy. *Gregutis* v. *Waclark Wire Works*, 86 *N. J. L.* 610.

An employe may recover under the act compensation for injuries caused to a thumb by reason of an unguarded or unpadded splint used in reducing the fracture of an arm broken by reason of an accident arising out of and in the course of the employment. *Newcomb* v. *Albertson*, 85 *N. J. L.* 435. The workman is also entitled to additional compensation for injuries suffered by the rebreaking of an arm due to a fall. *Selak* v. *Murray Rubber Co.*, 108 *Id.* 548; 8 *N. J. Mis. R.* 838.

The following test of causal connection was approved by Mr. Justice Swayze in *Newcomb* v. *Albertson, supra*, and has since been regarded as controlling: "It seems to me enough of it appears that the employment is one of the contributing causes without which the accident which actually happened would have happened, and if the accident is one of the contributing causes without which the injury which actually followed would not have followed."

The theory of the present case and the one on which it was sent to the jury was that the casual connection between the injury to the eye and the resulting loss thereof was due to the malpractice of the physician and nurses employed by the defendant and that, therefore, there was an independent injury for which there could be recovery.

The English cases of *Della Rocca* v. *Stanley Jones & Co.* (1914), *W. C. & Ins. Rep.* 34, and *Humber Towing Co., Ltd.,*

v. *Barclay,* 5 *B. W. C. C.* 142, go no further than holding that malpractice may break the causal connection between the accident and the resulting injury  In *Harrison* v. *Ford,* 8 *B. W. C. C.* 429, it was held that the resulting incapacity may be due to the accident, even though the employe received improper care at a local hospital.   The question of cause and effect often lead to indefinite speculation.

Taking the test approved by Mr. Justice Swayze in *New-comb* v. *Albertson, supra,* this situation appears that without the employment there would have been no accident; without the accident there would have been no treatment of the eye by the defendant's employes and there would have been no loss thereof.   Had the employe gone to an independent physician, who was guilty of malpractice, conceivably another situation might arise which we are not here called upon to decide.   The English courts do take the view that the employer cannot be the insurer of every bonesetter who may attend an injured workman.

"Both in England and this country under the various Workmen's Compensation acts, the rule seems to be that the injured employe may recover compensation for a new injury or an aggravation of his injury resulting from medicinal or surgical treatment of a compensable injury when there is no intervening independent cause to break the chain of causation between the new injury or aggravation of the original injury." 39 *A. L. R.* 1276.

If the acts of the nurses and physician employed by the defendant were of such a kind and character as would break the causal connection between the accident and the resulting injury the plaintiff's right of recovery must be predicated either upon a common law action due to some failure of a duty arising out of or in the course of the employment for which the compensation under the statute is the exclusive remedy, or because the defendant is liable for the malpractice of the doctors and nurses employed by it.   Usually one employing doctors and nurses to attend to the needs of employes is held merely to the duty of exercising reasonable care in the selection.   39 *Corp. Jur.* 244.

Judge Lowell in *Powers* v. *Massachusetts Homeopathic Hospital,* 109 *Fed. Rep.* 294, said: "The courts of this country have held that a railroad company, having in its regular employ physicians and surgeons whose duty to the corporation requires them to care for the sick and injured among the corporations' employes is not liable to those employes for the malpractice or other negligence of these medical men. *Railroad Co.* v. *Howard,* 45 *Neb.* 570; 63 *N. W. Rep.* 872; *Clark* v. *Railway Co.,* 48 *Kan.* 654; 29 *Pac. Rep.* 1138; *Quinn* v. *Railroad Co.,* 94 *Tenn.* 713; 30 *S. W. Rep.* 1036; 28 *L. R. A.* 552; 45 *Am. St. Rep.* 767; *Railroad Co.* v. *Price,* 32 *Fla.* 46; 13 *So. Rep.* 638; *Eighmy* v. *Railway Co.,* 93 *Iowa* 538; 61 *N. W. Rep.* 1056; 27 *L. R. A.* 296; *Railroad Co.* v. *Artist,* 9 *C. C. A.* 14; 60 *Fed. Rep.* 365; 23 *L. R. A.* 581. * * * It has also been said that the doctor is not the servant of the corporation, for the reason that, in treating the patient, he does not take his orders from the corporation, but is guided altogether by his own judgment." He also held that the employer was not liable for the acts of nurses.

A similar rule has been declared in Massachusetts. *O'Brien* v. *Cunard Steamship Co.,* 154 *Mass.* 272. In *Laubheim* v. *Netherland Steamship Co.,* 107 *N. Y.* 228, Judge Finch said in a case where the defendant was obliged to furnish a physician: "It is responsible solely for its own negligence, and not for that of the surgeon employed. In performing such duty, it is bound only to the exercise of reasonable care and diligence, and is not compelled to select and employ the highest skill and longest experience. There was no evidence in this case that the defendant was careless or negligent in its choice."

There is nothing in the record before us to indicate that the defendant was negligent in the selection of either the doctor or the nurses, or in anything it did in providing first aid to the injured employe. The doctor in charge had full control over the nurses who received directions from no one else. The plaintiff's injuries either arose out of and in the course of his employment, or were due to acts for which the defendant was not responsible and for which the doctor and

nurses employed might perhaps be called upon to answer. *Klitch* v. *Betts*, 89 *N. J. L.* 348. The defendant was entitled to a direction in its favor.

The judgment is reversed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, JJ.   6.