### KEFFER v. CAPITAL TRANSIT CO., Inc.

No. 10492.

United States Court of Appeals
District of Columbia Circuit.

Argued April 20, 1950.

Decided May 15, 1950.

---

Mr. Edward E. O'Neill, Washington, D. C., with whom Mr. Kermit L. Sharff, Washington, D. C., was on the brief, for appellant.

Mr. Frank F. Roberson, Washington, D. C., with whom Mr. George D. Horning, Jr., Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK, and WASHINGTON, Circuit Judges.

CLARK, Circuit Judge.

We are compelled to affirm the lower court under such circumstances that we regret we cannot render judgment in favor of the appellant, a young man who has been struck down in the very prime of life. Unfortunately, however, the law is clear, and appellant's action is cut off by section 905 of the Longshoremen's and Harbor Workers' Compensation Act,[1] (referred to herein as the "Act"), the applicable Workmen's Compensation law [2] in the District of Columbia which provides exclusive liability for the employer in all cases coming under the provisions of the Act.

Keffer, the appellant, was injured while working in appellee's car barn when an empty car in front of which he was working was bumped from the rear by another. The impact propelled the empty car forward and pinned appellant to a brick wall. As a result of this accident his pelvis was fractured, his bladder ruptured, and both legs had to be amputated at about three inches from the groin. At the time appellant was 20 years old, married, with one child, and another *en ventre sa mere* which has subsequently been born. He has been awarded the maximum compensation under the Act, that is, $25 a week until the sum of $7,500 has been paid. Seventy-two hours after appellant was injured, the schedule of damages was amended so that appellant, had he come under the new law, would have received $25 a week for life.

Appellant now seeks to hold appellee liable under the First Employers' Liability Act of 1906 [3] which, though it was declared unconstitutional as to the states because it sought to regulate intrastate carriers, was and is still considered constitutional as to the District of Columbia. As applicable to the District it has never been specifically repealed and hence appellant argues that it still governs in cases involving negligent injuries to employees of common carriers. As ingenious as his argument is, however, it fails for the reason that section

---

1. 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.
2. D.C.Code (1940 ed.), secs. 36—501, 502, 33 U.S.C.A. § 901 note.

3. 34 Stat. 232, D.C.Code (1940 ed.), sec. 44—401 et seq.

810

501 of title 36 of the D.C.Code (1940 ed.) has made the Longshoremen's and Harbor Workers' Compensation Act the applicable Workmen's Compensation statute for the District of Columbia. Certain exceptions to the operation of this Act were carved out;[4] among them are those cases involving "injury or death * * * of an employee of a common carrier by railroad * * *." All other types of employment are covered.[5] That the appellee is not a common carrier by railroad was settled by this court in Mangum v. Capital Traction Co., 1930, 59 App.D.C. 241, 39 F.2d 286. Hence it is not excepted from the operation of the Act which provides,[6] *inter alia:* "The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee * * * otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death * * *." The effect of this section is to exclude the employer from any other liability, regardless of fault,[7] for any injury to an employee occurring within the course of the employment. Hence it is clear that the Employers' Liability Act of 1906 has been superseded at least as far as any recovery may be had under its terms in cases such as the one before us.

As we have said, under the circumstances, this is a most regrettable conclusion; but if there is to be any relief for the appellant, it lies with Congress and not with the courts.

Affirmed.

4. D.C.Code (1940 ed.), sec. 36—502.
5. D.C.Code (1940 ed.), sec. 36—501.

6. 44 Stat. 1426, 33 U.S.C.A. § 905.
7. 44 Stat. 1426, 33 U.S.C.A. § 904.