## POOLE v. CLAGETT.

### No. 11021.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 14, 1951.

Decided May 1, 1952.

Wilbur K. Miller, Circuit Judge, dissented.

Cornelius H. Doherty, Washington, D. C., for appellant.

John F. Cooney, Washington, D. C., for appellee.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant alleges that he was "injured through the fault of another worker, hired and paid by a different employer, but engaged in the same general undertaking."[1] He seeks to make the other worker's employer, rather than his own, answerable under the doctrine of respondeat superior. Briefly, the facts are these: Appellant was employed on a building job by McCloskey & Company, a construction firm, to fit heavy precast slabs to a steel structure. He worked on the roof. Under normal procedure, the slabs were raised by a crane and then lowered slowly into place on a signal from a signal man. Appellant and a fellow worker would then assist the slabs into place. On the occasion in question, a slab had been raised by the crane but, after the signal to lower into place had been given, the slab, instead of being lowered slowly, came down "so fast you could hardly see it."[2] The injuries for which appellant seeks compensation were the result.

Appellant brought this suit against appellee (Clagett Company) because it was the owner of the crane. At the time of the accident, the crane had been leased—for profit in the regular course of appellee's business —to McCloskey & Company (appellant's employer) for the sum of $100 a day. That figure included payment for the services of an operator and an oiler, both of whom were hired and paid by appellee. Relying upon our decision in Haw v. Liberty Mutual Ins. Co., appellant sought to establish as a

1. Haw v. Liberty Mutual Ins. Co., 1950, 86 U.S.App.D.C. 86, 88, 180 F.2d 18, 20.

2. J.A., p. 33 A.

matter of law that the allegedly negligent crane operator was appellee's servant and, therefore, that appellee was liable under the doctrine of respondeat superior. The trial court concluded that the circumstances were more nearly parallel to those in Western Marine & Salvage Co. v. Ball,[3] where we held that the plaintiff had not established the relationship necessary for applying the doctrine of respondeat superior. After ruling as a matter of law that the crane operator was not appellee's servant, the court below directed a verdict in favor of appellee. This appeal followed.

In all pertinent respects, the circumstances presented here are essentially parallel to those in the Haw case. The Haw Company was the owner of a bulldozer which it rented out with other equipment for excavation and other work. Such rentals were a part of its regular business and were made for profit. In the particular instance, a bulldozer was rented to Mace Properties, Inc., which was engaged in an extensive building job. Mace paid Haw a sum which included the services of operators employed and paid by Haw. "Haw had a supervisor on the job who generally gave orders to the men Haw supplied"[4] but "Mace exercised a measure of supervisory control over them, as it told them where to work on the job and when, as well as what job was to be done."[5] One Giacomo, employed by Mace, was injured as a result of the negligence of one of the bulldozer operators employed by Haw. In a suit brought by Giacomo against Haw, we held Haw liable under the doctrine of respondeat superior, carefully marking the circumstances which distinguished that case from

Western Marine & Salvage Co. v. Ball, where, as already stated, we held the doctrine could not be applied.[6]

The one factor which differentiates this case from Haw is that Haw maintained a supervisor on the Mace building job. Although we are not explicitly told the reason for this, it was presumably because Haw had considerable equipment and many of its own employees on the Mace Properties building job. In our view, however, this difference is without significance. Control over "where [its men were] to work on the job and when, as well as what job was to be done" was exercised there as well as here by the injured worker's employer.

We adhere to our opinion in Haw which comprehensively reviewed the applicable case law and the underlying policy considerations in this field. Although Virginia law was said to govern in that case,[7] we find the same reasoning and result to be valid under District of Columbia law, and to be consistent with the principles stated in the Western case. And since we think the circumstances in the present case to be parallel in every material respect to the circumstances in Haw, we hold that case to be controlling and to require reversal here.

Reversed for further proceedings consistent with this opinion.

WILBUR K. MILLER, Circuit Judge (dissenting).

In my opinion, the judgment of the District Court should be affirmed on the authority of Western Marine & Salvage Company v. Ball, 1930, 59 App.D.C. 208, 37 F.2d 1004. Therefore, I dissent.

3. 1930, 59 App.D.C. 208, 37 F.2d 1004.

4. Haw v. Liberty Mutual Ins. Co., 1950, 86 U.S.App.D.C. 86, 87, 180 F.2d 18, 19.

5. Id. 180 F.2d at pages 19–20.

6. Id. 180 F.2d at pages 22–23.

7. Id. 180 F.2d at pages 21–22.