Ernest Lee **LINDSAY** et al., Appellants,

v.

**GEORGE WASHINGTON UNIVERSITY,**
Appellee.

No. 15460.

United States Court of Appeals
District of Columbia Circuit.

Argued April 25, 1960.

Decided June 2, 1960.

Messrs. Albert J. Ahern, Jr., and Joseph J. Lyman, Washington, D. C., for appellants.

Mr. William E. Stewart, Jr., Washington, D. C., with whom Messrs. Richard W. Galiher and Thomas A. Kieffer, Washington, D. C., were on the brief, for appellee.

Before Mr. Justice REED, retired,* and WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

This appeal presents the question of whether the "exclusive remedy" provision [1] of the Workmen's Compensation Act [2] precludes an action for alleged malpractice at the employer's hospital in the treatment of a compensable injury. The District Court granted appellee's motion for summary judgment and dismissed the complaint,[3] hence this appeal.

Appellant husband (herein, plaintiff), since 1951 had been employed as a maintenance man by the corporate appellee. The latter also operates George Washington University Hospital. In 1956, plaintiff, in the course of his employment,

---

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

1. 33 U.S.C.A. § 905.

2. The Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, as made applicable to the District of Columbia, D.C.Code § 36-501 (1951).

3. Mrs. Lindsay sought damages for loss of consortium. In the view we take of the case, her claim must fall with that of her husband. Smither and Company, Inc. v. Coles, 100 U.S.App.D.C. 68, 242 F.2d 220, certiorari denied 1957, 354 U.S. 914, 77 S.Ct. 1299, 1 L.Ed.2d 1129; and see Reid v. Cramer-Vollmerhausen Co., 1957, 101 U.S.App.D.C. 357, 249 F.2d 113 and Thomas v. Central Linen Company, 1959, 105 U.S.App.D.C. 49, 263 F. 2d 495.

drove a screw driver into his hand. After he reported the accident, his superiors directed him to secure medical attention at the Hospital where, his complaint alleged, an intern negligently injected a tetanus antitoxin. The intern gave plaintiff a slip and instructed him to report later to another doctor who removed a suture. Plaintiff's condition worsened, and it was five weeks before plaintiff returned to his job. However, he received his salary in full from the corporate appellee, and thereafter endorsed over to the employer the compensation check which had been sent to him by the insurance carrier. He also was reimbursed by the latter for the cost of medicines.

Appellant on brief concedes as he must,[4] that "the original injury that he received came within the scope of the Workmen's Compensation law and he therefore had no common law cause of action against the appellee." But, he argues, the treatment at the corporate appellee's hospital involved "independent and totally unrelated negligent acts * * * performed by agents of the appellee."[5]

The Act obliges the employer "for such period as the nature of the injury or the process of recovery may require" to furnish medical, surgical and hospital care on account of compensable injuries sustained by an employee.[6] Perforce, as to an employee covered by the Act, the employer has been held liable in this jurisdiction to provide compensation under the Act "for all legitimate consequences following an accident, including unskillfulness or error of judgment of the physician furnished as required, and the employee is entitled to recover under the schedule of compensation * * * regardless of the fact that the disability has been aggravated and increased by the employer's selected physician * * *."[7]

Such a rule is entirely consonant with traditional principles of liability.[8]

Here as a concomitant of his employment, it would appear that plaintiff had available to him the services of the staff of the corporate appellee's hospital. He exercised the privilege thus accorded to him. His employer could not under the Act be free from liability to supply requisite medical attention even had the corporate appellee here attempted to absolve itself from that requirement. If it be the fact that the hospital services were provided to the plaintiff as an incident to his employment,[9] added force would be supplied to the view accepted by the District Court.

All such discussion aside, we revert to the Act itself—"The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee * * *."[10] The present suit for damages in addition to workmen's compensation is thus barred.

---

4. Keffer v. Capital Transit Co., 1950, 87 U.S.App.D.C. 13, 183 F.2d 808.

5. There is no allegation in the complaint nor has there been argument that the corporate appellee was negligent in the selection of its medical staff. The allegations of the complaint and plaintiff's deposition readily permitted the District Judge to conclude that plaintiff's later visits to and treatment at the hospital were directly referable to the treatment required by the original injury. Of course the plaintiff was permitted an election of remedy, 33 U.S.C.A. § 933, and here sued, not the physicians but the employer. See Moore v. Hechinger, 1942, 75 U.S.App.D.C. 391, 127 F.2d 746.

6. 33 U.S.C.A. § 907.

7. Fernandez v. Gantz, D.C.1953, 113 F.Supp. 763, 764.

8. Restatement, Torts § 457, particularly comments *a* and *c* (1934).

9. As to a like conclusion in not entirely dissimilar circumstances, see Berry v. United States, D.C.Ore.1957, 157 F.Supp. 317; Young v. International Paper Co., 1953, 282 App.Div. 750, 122 N.Y.S.2d 39; Tutino v. Ford Motor Co., 1933, 111 N.J.L. 435, 168 A. 749; Black Mountain Corp. v. Middleton, 1932, 243 Ky. 527, 49 S.W.2d 318.

10. Supra note 1.

■ Our conclusion is not altered by the fortuity that the employer, appellee herein, also operated the hospital where the professional services complained of were rendered The employer is responsible in the particulars and to the extent specified by the Act for all legitimate consequences flowing from a compensable injury. That liability, so imposed, measures this plaintiff's entitlement. We find no error.

Affirmed.