Vincenza Vittoria BEEGLE, Appellant,

v.

RESTAURANT MANAGEMENT, INC., et al., Appellees.

No. 93–CV–1305.

District of Columbia Court of Appeals.

Argued March 10, 1995.

Decided June 27, 1996.

Glenn H. Carlson, Washington, DC, for appellant.

Randell Hunt Norton, Washington, DC, for appellee.

Before WAGNER, Chief Judge, FERREN, Associate Judge, and GALLAGHER, Senior Judge.

WAGNER, Chief Judge.

While working at a restaurant owned by SPL, Inc. (SPL), appellant, Vincenza Vittoria Beegle, sustained severe burns when a co-worker, Michael Trihias, lit a chafing dish which exploded. Ms. Beegle filed a complaint for damages in the trial court alleging negligence against appellee, Billy's, Inc. (Billy's) and others.[1] The trial court granted

---

1. Beegle named as additional defendants in the case Restaurant Management, Inc., Stratford,

summary judgment for Billy's, concluding that the undisputed evidence showed that Michael Trihias was employed by SPL, not by Billy's, as Beegle contended; therefore, Beegle's exclusive remedy for work-related injuries against SPL and its agents and employees would be under the Workers' Compensation statute. *See* D.C.Code § 36–304(b) (1993). Beegle argues on appeal that the claim is not barred against Billy's because, at the relevant time, Billy's was an independent contractor engaged by SPL under a written agreement which provided for Billy's to exercise complete control over SPL's restaurant operation, including any employees. Billy's contends that absent evidence that Trihias was employed by Billy's, the latter's status as an agent or independent contractor is irrelevant. The central issue for determination in this case is whether the negligence of a restaurant employee, who allegedly is controlled and supervised by an independent contractor that operates the restaurant, can serve as the basis for a negligence claim against the independent contractor, even though the plaintiff has recovered worker's compensation from the restaurant owner. We hold that it can; therefore, we must reverse summary judgment for the alleged independent contractor.

Assuming for purposes of the summary judgment motion that Billy's was performing various functions under a contract with SPL, the trial court framed the issue as whether the allegedly negligent employee can have simultaneously two employers such that an injured co-worker who receives worker's compensation from one can recover in tort against the other. The trial court answered the question in the negative and granted the motion. The court framed the issue too narrowly to consider fully the relationships of the parties and whether Billy's was an independent contractor which exercised, or had the right to exercise, control over the claimed negligent acts underlying Beegle's claim in order that Billy's could be liable independently. We conclude that on this record, a material issue of disputed fact exists as to whether Billy's had authority to control the entire operations of the restaurant, including Trihias in the performance of his work, such that Billy's can be held liable under the theory of *respondeat superior.* Therefore, the trial court erred in granting summary judgment for Billy's.

## I.

Briefly summarized, the facts pertinent to this appeal are these. On November 4, 1989, appellant Beegle, a hostess/maitre d' at Madeo Restaurant, sustained severe burns when a portable burner exploded in the restaurant. Beegle alleged in her complaint that the explosion was caused by the negligence of Paul Loukas, the principal owner and manager of all of the named corporate defendants, including Billy's, and Michael Trihias, an employee of one of the defendants. According to the complaint, at Loukas' direction, Trihias poured lighter fluid over Sterno cooking units and ignited them, causing the explosion and fire which resulted in Beegle's injuries. Beegle claimed that the procurement and use of lighter fluid were negligent because contrary to express warnings on the apparatus and the laws and regulations of the District of Columbia.

It is undisputed that at the time of the accident, both Beegle and Trihias received wage statements from SPL. Loukas was the sole shareholder, president and treasurer of SPL. Loukas was also the sole shareholder and president of Billy's. SPL and Billy's entered into a one-year contract on December 10, 1988, with an effective date of January 1, 1989, which obligated Billy's "to manage SPL, Inc.'s day-to-day operations." The contract, which Loukas executed as president of SPL and as president of Billy's, further provided:

Authority and Duties. S.P.L. grants to manager [Billy's,] authority to supervise, manage and direct the operations and business of S.P.L. to order, direct and superintend all repairs and decorations, to make disbursements therefor; to hire and fire employees and to pay the salaries or wages

---

Inc., Woodward Brothers, Inc., and Paul Loukas. She alleged, upon information and belief, that Paul Loukas was the principal owner of all the named corporations, including Billy's. On appeal, Beegle challenges only the grant of summary judgment in favor of Billy's.

thereof; to enter into contracts on behalf of S.P.L. with respect to its day-to-day operations; to keep, record, and maintain financial books and records; to make all purchases; and generally, to do and perform all acts and things incident to such management and to make all disbursements in connection therewith.

The contract provided that SPL would pay Billy's compensation of $42,000 per annum for the term of the agreement. Loukas did not receive a salary from SPL during the year in which the accident occurred. Loukas drew his salary from Billy's.[2]

In response to Beegle's complaint, Billy's and the other named defendants filed a motion to dismiss or for summary judgment, on the ground that Beegle's claim was barred under the exclusive remedy provisions of the D.C. Workers' Compensation Act. D.C.Code § 36–304(b). The trial court twice granted Beegle's motions for limited discovery for the purpose of (1) deposing Loukas to determine whether Trihias was employed by SPL, and (2) propounding an interrogatory to Billy's to determine whether it had employed Trihias or paid him any money during the period relevant to Beegle's complaint. The trial court denied Beegle's motion to depose Trihias in an effort to discover more about the management agreement, the relationship between Billy's and SPL, and Trihias' relationship to both corporations. In the motion for further discovery, Beegle argued that Trihias was Billy's employee and that both Trihias and Loukas were acting as agents of Billy's, which had authority under the contract to manage the restaurant. In a motion to reconsider, Beegle contended that Billy's, which had a duty under the management agreement, was not shielded by the exclusive remedy provisions of the workers' compensation law. The trial court denied the motion for further discovery and for reconsideration.

Assuming that Billy's performed the management functions under the terms of its contract, the trial court granted the motion for summary judgment because it determined that Trihias was employed by SPL, as evidenced by the fact that SPL paid Trihias' wages, and concluded as a matter of law that Trihias could not have simultaneously two employers for purposes of applying the workers' compensation law. In making its ruling, the trial court stated:

> I believe under *Henderson* [*v. Charles E. Smith Management*, 567 A.2d 59 (D.C. 1989) ], the very case which [Beegle] cite[s] that I have to find that ... the employer of [Trihias] was SPL, that you cannot sue SPL. The mere fact that Billy's, Inc. may have had a managerial role and may have had some supervisory responsibility for Mr. [Trihias] without some proposition, legal authority to say you can have two employers simultaneously for purposes of liability, there is nothing here other than a *respondeat superior* claim.

Therefore, the trial court granted the motion for summary judgment. In a motion for reconsideration, Beegle contended that Billy's was a separate legal entity which had a duty to Beegle, independent of the employer's (SPL's) duty, as established by the management agreement. Beegle also argued that there was a factual dispute concerning whether Trihias was employed by both SPL and Billy's. The trial court denied Beegle's motion for rehearing and reconsideration.

■■■ In reviewing a grant of summary judgment, this court applies the same standard of review as the trial court in ruling on the motion. *Beckman v. Farmer*, 579 A.2d 618, 626 (D.C.1990); *Thompson v. Shoe World, Inc.*, 569 A.2d 187, 189 (D.C.1990). This court undertakes an independent review of the record to determine whether there are any genuine issues of material fact in dispute and whether the moving party is entitled to judgment as a matter of law. *Beckman*, 579 A.2d at 626–27; *Dodek v. CF 16 Corp.*, 537 A.2d 1086, 1092 (D.C.1988). We view the record in the light most favorable to the nonmoving party, resolving any doubt as to the existence of disputed facts against the moving party. *Beckman*, 579 A.2d at 627 (citation omitted). The party opposing summary judgment must show that the claimed factual dispute is material and requires the factfinder to resolve the parties' differing versions of the truth at trial. *Id.* at 626 (citations

2. Billy's was also known as Restaurant Management.

omitted); *Nader v. de Toledano*, 408 A.2d 31, 42 (D.C.1979). We examine first the controlling legal principles and the facts of record in order to determine whether summary judgment was granted properly.

## II.

The Workers' Compensation statute for the District of Columbia, which imposes liability on employers for an employee's job-related injury arising out of, and in the course of, employment, constitutes the employee's exclusive remedy against the employer, other employees, officers, directors, or agents of the employer. D.C.Code § 36–304(a) (1993); *Henderson v. Charles E. Smith Management*, 567 A.2d 59, 61 (D.C. 1989) (citation omitted). Beegle does not dispute that she is limited to her workers' compensation claim against any of these persons or entities. Nor does she challenge that both she and the alleged negligent co-worker, Trihias, were paid wages by her employer, SPL.[3] Beegle argues that Billy's was not an agent of SPL within the meaning of the workers' compensation statute, but an independent contractor with complete management responsibility for the restaurant at the time she was injured. Therefore, she contends, Billy's is not shielded from her lawsuit by the exclusivity provision of the workers' compensation act, but rather is independently liable for her injuries. Billy's claims that Trihias was an employee of SPL and that the issue determinative of Beegle's right to sue is whether Trihias was simultaneously an employee of Billy's. The inquiry which Billy's suggests does not go far enough to resolve the questions presented. An examination of the law pertinent to these issues will disclose why.

In *Henderson, supra,* 567 A.2d at 60, two maintenance workers at an apartment complex brought a negligence action against the management company for the buildings, Charles E. Smith Management Company (CES), for injuries sustained on the job. The trial court granted summary judgment for CES, having determined that it was the agent of the owner and therefore, immune from suit under the District's workers' compensation laws. *Id.* This court reversed, holding that

> a disputed issue of fact exists as to whether [the owner] had the right to exercise control over CES and its employees in decisions regarding the repair and maintenance of the boiler, and thus whether, with respect to the accident in this case, CES was an "agent" within the meaning of the statute.

*Id.* at 65. This issue of fact was material because if CES was not the owner's agent, then an action against CES would not be barred under the workers' compensation law. *See* D.C.Code § 36–304(b); *see also Poole v. Clagett,* 90 U.S.App.D.C. 412, 413, 196 F.2d 775, 776 (1952); *Haw v. Liberty Mut. Ins. Co.,* 86 U.S.App.D.C. 86, 90, 180 F.2d 18, 22 (1950).

In *Haw,* Liberty Mutual Insurance Company, a worker's compensation carrier, brought suit as subrogee of the injured worker's claim against Haw, a company hired by the worker's employer. It was alleged that the worker was injured by one of Haw's employees while both were engaged in the same general undertaking.[4] 86 U.S.App. D.C. at 88, 180 F.2d at 20. The court framed the issue as follows

> where the employer hiring the allegedly derelict worker exercises a sharply reduced degree of control over the latter's actions, by reason of the requirements of the undertaking itself, and where workmen's compensation is available, the question is presented whether that employer should be made liable to the injured man in a suit for damages.

*Id.* Applying Virginia law, the court upheld the verdict against *Haw* on the theory of *respondeat superior.* The criteria determi-

---

3. SPL is not a party to this suit.

4. Haw owned a bulldozer which it rented to Mace for use at a construction site where Mace was engaged in a building job. Mace paid Haw for use of the bulldozer, along with the services of an operator. Mace's employee, Giacomo, was injured while assisting the operator of the bulldozer in dislodging a truck which was stuck. Giacomo was entitled to, and received, worker's compensation from his employer, Mace. *Haw, supra,* 86 U.S.App.D.C. at 88, 180 F.2d at 20.

native of the liability question included the locus of control and whose business interest was being furthered. 86 U.S.App.D.C. at 88–89, 180 F.2d at 20–21. The court found significant that the negligent worker was selected and paid by Haw and was responsible ultimately to Haw, which had a substantial business interest and significant control. 86 U.S.App.D.C. at 90, 180 F.2d at 22. In a subsequent case, the D.C. Circuit determined the reasoning in *Haw* to be valid under District of Columbia law and held it controlling on similar facts. *See Poole, supra,* 90 U.S.App.D.C. at 413, 196 F.2d at 776.

In this case, Beegle claims that Billy's occupies the position of independent contractor, much like the defendants in *Henderson, Haw* and *Poole,* and thus may be liable to a worker paid by a different employer who has received compensation benefits by reason of that employment. This case differs from *Haw* and *Poole* in that the workers allegedly responsible for the plaintiffs' injuries in those cases were undisputedly employees of the independent contractors. In *Henderson,* whether the negligent workers were employed by the defendant management company for the owner was a material fact in dispute. 567 A.2d at 61. However, the fact that Trihias was employed by SPL, not Billy's, does not dictate a different result.

■ We have held that one company may be vicariously liable for the negligent actions of a guard employed by another company. *See Safeway Stores, Inc. v. Kelly,* 448 A.2d 856, 858 (D.C.1982). In *Kelly,* the issue was "whether Safeway [was] liable for the alleged assault and battery and false arrest of [Kelly] by a security guard who was working at a Safeway store and was employed by an independent security service." *Id.* at 860. There, we stated that determining whether a master-servant (or principal-agent) relationship exists in a given situation depends upon the particular facts of each case. *Id.* In determining whether such a relationship exists, the following facts should be considered:

(1) the selection and engagement of the servant, (2) the payment of wages, (3) the power to discharge, (4) the power to control the servant's conduct, (5) and whether

the work is part of the regular business of the employer.

*Id.* While no single factor is controlling, "the decisive test ... is whether the employer has the right to control and direct the servant in the performance of his work and the manner in which the work is to be done." *Id.* (citations omitted) (emphasis added). In this context, the right to control means "the right to control an employee in the performance of a task and in its result, and not the actual exercise of control or supervision." *Id.* In analyzing an employer's right to control, we look to the actual relationship between the parties and the language of any agreement between them, if any. *District of Columbia v. Hampton,* 666 A.2d 30, 38 (D.C.1995).

■ In this case, the trial court focused only on whether Trihias was employed by SPL or Billy's in determining whether Billy's could be vicariously liable for Beegle's injuries. The decisive factor for the trial court was who paid Trihias' salary. This was not an adequate basis upon which to determine the relationships of the parties and the question of liability. The right to control the employee in the performance of the work is the decisive test. *See Kelly, supra,* 448 A.2d at 860. Moreover, a third party may be liable under the theory of *respondeat superior* for the negligent actions of workers employed by another, but under its control. *Id.* The status of Billy's as an agent of SPL or an independent contractor was also a material issue which should have been addressed in resolving the motion for summary judgment.

The written contract between Billy's and SPL gave Billy's full authority to manage the restaurant, the sole and regular business of SPL, with no reservation of power or control by SPL. Under the terms of the agreement, Billy's had the authority "to hire ... employees" for SPL, to "pay the salary and wages" of these employees, to "fire" them, to "supervise, manage, and direct the operations and business of S.P.L.," and to operate the restaurant. The contract had no provisions which reserved to SPL any oversight, supervision, control or authority over the way that Billy's was to manage the restaurant. Therefore, the contract language suggests a material issue as to whether Billy's was an

agent of SPL or an independent contractor. The contract also raises a material issue as to whether Billy's had the right to control workers at the restaurant, including Trihias.

■ That does not end our analysis because we generally look to the actual relationship between the parties as well as any written contract between them in analyzing an employers' right to control. *Hampton, supra,* 666 A.2d at 38. "[T]he extent to which the ... factor[ ] of control ... exist[s] is evidenced both by the terms of the contract and by the actual dealings between the parties." *Henderson, supra,* 567 A.2d at 62 (citation and internal quotation marks omitted). In this case, Billy's contends that the parties did not act in accordance with the written contract. According to the affidavit of Loukas, Billy's role in the restaurant was limited to managing the office paperwork in spite of its contract.[5] According to Loukas' deposition testimony, it was Trihias who managed the restaurant from January, 1985 through September, 1990. He also testified that Trihias had the authority to purchase supplies. The complaint alleged that it was he who ordered the wrong fuel and ignited the chafing dish which exploded and caused appellant's injuries. However, the deposition testimony shows that Loukas was president of Billy's and received his salary from Billy's at the time relevant to Beegle's complaint.[6] When considered along with the terms of the contract, it reasonably might be found that Billy's, acting through Loukas, its paid president, and Trihias, was in control of the restaurant at the time of the accident. In any event, the conflicting evidence concerning which entity controlled the restaurant created a material issue of fact which precluded summary judgment for Billy's.[7]

Whether Billy's was an independent contractor with the right to control SPL's employee, Trihias, remains in dispute. Even with the limited discovery permitted in this case, Beegle has adduced evidence of the existence of the management contract and of the actual conduct of the parties adequate to meet her burden of showing " 'sufficient evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial.' " *Nader, supra,* 408 A.2d at 42 (quoting *International Underwriters, Inc. v. Boyle,* 365 A.2d 779, 782 (D.C.1976), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980)). Therefore, the trial court erred in granting summary judgment.

---

5. Billy's contends that it was hired to "handle[ ] all SPL, Inc.'s office work for a fee," "to manage the office paperwork, not to supervise the preparation of a portable burner." This assertion, however, is contradicted by the comprehensive contract which conferred upon Billy's responsibility for all aspects of the restaurant's management.

6. The circumstances surrounding the relationship of the parties is complicated somewhat by the manner in which Loukas handled his business affairs. Loukas was president and sole shareholder of both SPL and Billy's; therefore, it may be difficult to discern for which entity he acted at a particular time. For purposes of this appeal, we regard the corporations as distinct legal entities, separate and apart from their shareholders. *See Chase v. Gilbert,* 499 A.2d 1203, 1210 (D.C.1985); *Vuitch v. Furr,* 482 A.2d 811, 815 (D.C.1984). Whether the corporations were a mere alter ego of Loukas has not yet been addressed in this litigation; therefore, we do not consider that possibility.

7. This case differs from *Lindsay v. George Washington University,* 108 U.S.App.D.C. 44, 279 F.2d 819 (1960) in which the D.C. Circuit held that the exclusive remedy provision of the Workmen's Compensation Act barred a worker's suit for damages for medical malpractice against the hospital which employed him based upon treatment he received for his work-related injury at the hospital. 108 U.S.App.D.C. at 45–46, 279 F.2d at 820–21. The court reasoned that the statute obligated the employer to furnish medical care and to provide compensation for all consequences flowing from the injury, including unskilled medical care. 108 U.S.App.D.C. at 45, 279 F.2d at 820. Having provided all that the Act required, the employer had no further liability. *Id.* The Court pointed out that there was no contention that the hospital was negligent in the selection of its medical staff, and the evidence before the court permitted the trial court to conclude that the treatment at the hospital was referable to the original injury. *Id.*

In this case, Beegle is not pursuing a claim against her employer, SPL. There is no claim that Billy's secured worker's compensation for Beegle as did the hospital in *Lindsay.* Billy's is a separate legal entity as far as the record discloses. *See Vuitch, supra,* 482 A.2d at 815. Beegle claims that this separate corporation, acting through its president and/or an employee of SPL over whom it had control, was negligent.

For the foregoing reasons the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.[8]

*Reversed and remanded.*

---

**8.** Beegle argued that the trial court erred in denying her motion for further discovery. In light of our disposition of the case, we need not reach this issue. However, we note that Beegle did not file an affidavit under Super. Ct. Civ. R. 56(f). Filing of the affidavit is required to preserve the Rule 56(f) contention that disposition of the motion should be delayed pending discovery and to avoid the premature grant of summary judgment. *See McAllister v. District of Columbia,* 653 A.2d 849, 852–53 (D.C.1995) (citing *Guthrie*

*v. Sawyer,* 970 F.2d 733, 738 (10th Cir.1992), and *Mid–South Grizzlies v. National Football League,* 720 F.2d 772, 780 n. 4 (3d Cir.1983), *cert. denied,* 467 U.S. 1215, 104 S.Ct. 2657, 81 L.Ed.2d 364 (1984)). Here, the court denied the discovery based upon its rejection of Beegle's legal theories rather than an absence of a factual predicate. Further discovery will be required, no doubt, to allow for the development of the facts pertinent to the issues as set forth in this opinion.