CANON v. UNITED STATES.
No. 123394.

United States Court of Appeals Ninth Circuit.
April 16, 1951.

Ralph Wertheimer, San Francisco, Cal., (Richard M. Siegel, San Francisco, Cal., on the brief), for appellant.

Frank J. Hennessy, U. S. Atty., Rudolph J. Scholz, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY, and POPE, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from a judgment denying recovery in a suit brought under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The trial court, sitting without a jury, ordered a dismissal at the close of the case for the plaintiff. The opinion of the judge outlining the situation and giving his reasons for the judgment is reported in Cannon v. United States, D.C., 84 F.Supp. 820. His opinion dispenses with the need for any extended discussion here.

The testimony of the plaintiff was that while she had varicose veins prior to her being employed in the DeWitt General (Army) Hospital, her occupation there had increased the infirmity to the point where she could no longer work. The initial question, of course, and the one on which the trial judge disposed of the case, is whether the Commanding Officer acted within the scope of his authority in admitting her to treatment at the hospital for this condition.

The conduct of this hospital, as of other Army hospitals, was governed by Army Regulations No. 40-590, a copy of which was before the trial court. The portions of the Regulations necessary to be noticed here provide:

"[Par.] 2. General duties of commanding officer * * *.

\* \* \* \* \* \*

"b. Patients.

"(1) The commanding officer or one of his commissioned assistants will determine which patients are to be admitted to or discharged from the hospital * * *.

\* \* \* \* \* \*

"[Par.] 6. Persons who may be admitted to Army hospitals * * *.

"b. List.

\* \* \* \* \* \*

(13) Civilian employees of the United States Government compensable by the United States Employees' Compensation Commission who suffer personal injury while in the performance of official duty, or who acquire a disease as a natural result of such injury, *or who acquire an Occupational disease in the performance of official duty * * *.*" [Emphasis supplied.]

Among the exhibits introduced at the trial is a form (being part of the official records of the Hospital) giving the data relative to appellant's admission and discharge. Under subheading 10 "Source of Admission" appears the statement "Par 6b (13) AR 40-590." This form appears to have been made out, or at least completed, at the time of appellant's discharge from the hospital on November 24, 1945. It bears in the space for signature the name "Stanley A. Levy, Major, MAC." It does not appear that this exhibit was specifically called to the attention of the court.

We turn briefly to appellant's testimony relative to her admission. She states that the commanding officer of the hospital was Colonel William A. Smith and that the doctor in charge of surgery was Lieutenant Colonel Stark, officially designated as Chief of Surgical Services. When appellant submitted her resignation to Colonel Stark, her immediate superior, he refused to accept it. She informed Stark

that she had Blue Cross insurance and desired to go to a civilian hospital at San Francisco for the treatment of her varicose veins. Stark suggested the desirability of her continuing at the hospital in order that her knowledge of the records might be available. As regards getting the necessary authority for her admission to treatment he said, "I will talk it over with Colonel Smith and let you know in the morning." The next morning, and presumably after having conferred with Colonel Smith, Stark called appellant and told her she could have her surgery at the Hospital.

 We are of opinion that this testimony, coupled with the official record stating the source of appellant's admission, was prima facie evidence (unrebutted in the record) of an administrative finding of fact, namely, that this civilian employee was suffering from a type of disease specified in Regulation 6b (13). Keeping in mind the evidence and the presumption of regularity in the performance of official duty, it is inferable that the finding was made by Colonel Smith, the commanding officer of the hospital. The factual determination was one which the Regulations authorized the officer to make, hence his action in making it was obviously in line of duty and within the course and scope of his authority. This we think would be true though, in the view of the court, the officer was in error in his appraisal of the nature of the affliction from which this civilian employee was suffering. A different situation would be presented if the Regulations altogether excluded civilian employees as patients.

In a supplemental memorandum the government argues that the remedy provided by the Federal Employees' Compensation Act is exclusive if appellant elected to receive the benefits of the Act, 5 U.S.C.A. § 751 et seq., citing Parr v. United States, 10 Cir., 172 F.2d 462. Counsel says that by accepting the hospitalization she accepted the Act's benefits. The Parr decision relied on is express authority for the proposition that a person in appellant's situation has two remedies against the United States for the same

wrong, one under the Employees' Compensation Act, the other under the Tort Claims Act, and that he has the option to select either remedy, but can not pursue both. See also Dahn v. Davis, 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696. Here appellant took none of the steps required by the Compensation Act. Her mere acceptance of hospitalization can not, for two reasons, be construed as an election first because the Tort Claims Act was not then on the statute books, and second, because the tort for which she claims damages did not occur until after her acceptance of hospitalization.

As regards the proof of negligence, on which the trial court thought it unnecessary to pass, we think there was enough to put on the United States the burden of going forward with the evidence. On another trial the government will have opportunity to rebut the showing of negligence, and also to rebut, if it can, the prima facie showing that the commanding officer, or some authorized person acting for him, made the factual determination indicated in the Hospital records.

The judgment is reversed with directions to deny the motion to dismiss and to proceed with the trial.