## THIRD DEPARTMENT, JUNE, 1953.

## (June 1, 1953.)

■

JAMES W. YOUNG, Appellant, v. INTERNATIONAL PAPER COMPANY, Respondent.— Appeals from an order of the Supreme Court, Essex County, entered September 18, 1951, dismissing the complaint on the ground that the complaint fails to set forth a cause of action, and from the judgment entered upon the order. The action is one for personal injuries alleged to have been suffered on June 16, 1946, as the result of an accident which occurred on that day while the plaintiff was in the employ of the defendant. The complaint alleges that the defendant caused the plaintiff to be treated by an incompetent nurse and that as a result of the treatment the plaintiff's condition was aggravated and the plaintiff was permanently crippled. The complaint purports to state four separate causes of action growing out of this single set of facts: the first for negligence, the second for malpractice, the third for fraud and deceit, and the fourth for breach of contract. Regardless of the terminology used, all the causes of action really charge negligence on the part of the defendant in aggravating the injuries resulting from an industrial accident suffered by the plaintiff while in the defendant's employ (cf. *Schmidt* v. *Merchants Despatch Transp. Co.*, 270 N. Y. 287, 302). The alleged failure of the defendant to provide competent medical service and the alleged affirmative wrong in furnishing incompetent service are all embraced within the liability of the defendant as an employer, which is completely covered by the Workmen's Compensation Law and on account of which the plaintiff's sole remedy is a proceeding under that law. (*Matter of Parchefsky* v. *Kroll Bros.*, 267 N. Y. 410.) It appears from the affidavit submitted by the defendant in support of its motion that at the time of the accident the defendant had complied with the Workmen's Compensation Law and that, in fact, the defendant has paid to the plaintiff workmen's compensation benefits in accordance with the decisions of a workmen's compensation referee. The complaint was properly dismissed but the dismissal should have been based upon subdivision 1 of rule 107 of the Rules of Civil Practice, providing for dismissal where the court has no jurisdiction of the subject matter of the action. While the notice of motion did not refer to this rule specifically and sought a dismissal of the complaint for insufficiency on its face, the notice of motion was accompanied by an affidavit which could not properly be considered upon a motion to dismiss for insufficiency. The plaintiff interposed an answering affidavit in opposition to the granting of

the motion. No objection seems to have been taken at Special Term to the use of affidavits or to a determination of the motion upon the grounds set forth in the affidavit which accompanied the notice of motion. We have therefore decided that the motion may properly be treated as one made upon affidavit under rule 107. In his brief in this court, the appellant argues that a motion under rule 107 would not lie because more than twenty days had elapsed after the service of the amended complaint. This objection is without merit since the rule provides that a motion upon the ground specified in subdivision 1 of the rule (lack of jurisdiction of the subject matter) may be made at any time. Order appealed from is accordingly modified by providing that the complaint is dismissed upon the ground that the court has no jurisdiction of the subject matter, and, as so modified, the order is affirmed and the judgment appealed from is affirmed, all without costs. Foster, P. J., Brewster, Bergan, Halpern and Imrie, JJ., concur.