**Roie L. BERRY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 9081.**

United States District Court D. Oregon.

Oct. 11, 1957.

318

Ben T. Gray, Portland, Or., for plaintiff.

C. E. Luckey, U. S. Atty., for the Dist. of Oregon, and Victor E. Harr, Asst. U. S. Atty., for defendant.

SOLOMON, District Judge.

The defendant's motion to dismiss the complaint is granted.

The plaintiff has admitted [1] that the injury which was allegedly aggravated by the negligence of defendant's doctors was sustained while in the course of her employment by the United States Government. The Federal Employees' Compensation Act is the exclusive basis for recovery for injuries received in the course of federal employment. 5 U.S.C.A. § 757(b). The act requires that the government supply medical attention for such injuries when practicable. 5 U.S.C.A. § 759. In my view, compensation under the Act necessarily includes coverage for any disability resulting from treatment furnished for such injuries as well as from the original injuries themselves. Since the Compensation Act is exclusive in cases to which it applies, this action under the Federal Tort Claims Act cannot be maintained.

I have carefully considered the decisions of the court of appeals for this circuit in Canon v. United States, 9 Cir., 1951, 188 F.2d 444, and United States v. Canon, 9 Cir., 1954, 217 F.2d 70, but find that they do not help the plaintiff here. Those cases dealt with a claim of malpractice on the part of government doctors in treating a varicose vein condition which had been severely aggravated by wartime employment with the government. The government contended that the plaintiff was precluded from an action under the Federal Tort Claims Act because she had elected to recover under the Federal Employees' Compensation Act when she accepted government hospitalization for her condition. The court held that acceptance of the hospitalization was not such an election. One of the reasons given for this holding was that the tort for which claim was being made had not yet occurred at the time of the hospitalization.

However, the question in this case is not whether the plaintiff has voluntarily brought her case under the Federal Employees' Compensation Act, but simply whether such case comes within the scope of that act. The 1949 amendment making the Compensation Act exclusive of other remedies introduced a new element which was not present in the Canon cases because the complaint there had been filed prior to the effective date of that amendment. Act Oct. 14, 1949, Chapter 691, § 303(g) 63 Stat. 867. It does not follow from the court's holding that Miss Canon was free to sue under the Federal Tort Claims Act that she was not also covered by the Federal Employees' Compensation Act, for at that time the remedies were not mutually exclusive.

I therefore find that plaintiff's complaint fails to state a cause of action upon which relief can be granted. It must therefore be dismissed.

1. In ruling upon this motion I have accepted as admitted the facts set forth in defendant's request for admissions. Defendant served its request for admissions on June 20, 1957. Although plaintiff received a five-week extension of the original ten-day period within which to file her answers, no answers were filed until after the defendant had moved to dismiss the complaint, almost seven weeks after the extension of time had expired. Furthermore, the denials were not made by the plaintiff personally and were not sworn to. Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.