GRIFFIN *v.* MONSANTO CO.

'5-3807                                      400 S. W. 2d 492

Opinion delivered March 7, 1966
[Rehearing denied April 11, 1966.]

*Bernard Whetstone,* for appellant.

*Mahony & Yocum,* for appellee.

GEORGE ROSE SMITH, Justice. Thomas Talmage Griffin died on May 4, 1962. This action for his wrongful death was brought by the appellants, his widow and children, against the appellee, the decedent's employer. The appeal is from an order dismissing the complaint

on the ground that the plaintiffs' exclusive remedy is under the workmen's compensation law.

The complaint, as amended, asserts that Griffin, while on duty as an employee of Monsanto, was stricken as a result of having inhaled nitric acid fumes. Griffin was taken to a hospital, where, according to the complaint, Monsanto and its agents "neglected to inform the attending physician of the nature of the fumes which said Thomas Talmage Griffin inhaled, to the end that the wrongful and negligent withholding of this information prevented the attending physician from making such a diagnosis and giving such treatment at that time as would have, in all probability, resulted in the attending physician being able to save the life of said Thomas Talmage Griffin."

By another count in the complaint, later abandoned, the plaintiffs charged that the defendant had concealed the true cause of Griffin's death by representing to the plaintiffs that he had died a natural death as a result of a heart condition. An amendment to the complaint sought punitive damages on the ground that the defendant acted "with conscious indifference to consequences."

The defendant moved that the complaint be dismissed with prejudice, because the plaintiffs' remedy was under the workmen's compensation law. Attached to the motion was an affidavit, conceded by the plaintiffs to be true, stating that Monsanto had complied with the Workmen's compensation law in all respects, that the plaintiffs had filed a claim for compensation under that law, and that the Workmen's Compensation Commission had dismissed the claim. The circuit court sustained the defendant's motion and dismissed the complaint with prejudice.

At the outset we observe that the defendant's pleading is not properly called a "motion to dismiss." If a complaint states a cause of action our code of procedure does not permit the defendant to single out a fact es-

sential to the plaintiff's case, file affidavits denying that fact, and on the strength of those affidavits seek an order dismissing the action without a trial on the merits.

The defendant's pleading is in substance a motion for a summary judgment. We so treat it. Such a motion cannot be used to submit a disputed question of fact to the trial judge. Testimony submitted with the motion "must be viewed in the light most favorable to the party resisting the motion, with all doubts and inferences being resolved against the moving party." *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89 (1963). Judgment should be entered summarily only if the evidence, when so considered, shows that there is no genuine issue as to any material fact in the case. Ark. Stat. Ann. § 29-211 (c) (Repl. 1962).

We turn, then, to the question whether a summary judgment was proper in the case at bar. As a general rule, if an employee's compensable injury is later aggravated by the employer's negligence, as by his sending the injured workman to an incompetent physician, the employee may pursue a remedy under the compensation law for the aggravation of his original injury. As a corollary to that rule the employer cannot be sued at common law, because the compensation act provides an exclusive remedy. Larson, Workmen's Compensation, § 13.21 (1965); *Fernandez* v. *Gantz,* 113 F. Supp. 763 (D.C. D.C. 1953); *Berry* v. *United States,* 157 F. Supp. 317 (D. C. Ore. 1957); *Young* v. *International Paper Co.,* 282 App. Div. 750, 122 N. Y. S. 2d 39 (1953).

Here the defendant's request for summary judgment, with its supporting affidavit, is deficient in its failure to show that Griffin's widow and children had a remedy under the compensation act. All that appears is the bare statement that their claim for compensation was dismissed. If, for example, Griffin's death did not arise out of and in the course of his employment, the claim may never have been within the purview of the compensation act. In that event we should not compel the claimants to invoke a nonexistent statutory remedy

for their contention that the defendant's intervening negligence was a factor in Griffin's death. Thus there are essential issues of fact still unresolved.

We need not say whether the plaintiffs' complaint, without further amendment, asserts such willful action on Monsanto's part as to bring the case within the rule adopted in *Heskett* v. *Fisher Laundry & Cleaners Co.*, 217 Ark. 350, 230 S. W. 2d 28 (1950). Issues such as that can await the full development of the case. At the moment it is enough for us to say that the present record does not justify a summary disposition of the litigation.

Reversed.

McFADDIN, J., not participating.

WARD, J., dissents.

PAUL WARD, Justice, dissenting. In my opinion the trial court was correct in dismissing appellants' complaint. Either Griffin was or was not an employee of Monsanto when he was injured.

1. If Griffin was not an employee, then Monsanto was under no legal obligation to see that he was furnished proper medical attention and treatment.

.2 If Griffin was an employee, then the complaint does not state a cause of action in circuit court. It only states Monsanto was "negligent." To state a cause of action it was necessary to allege Monsanto's action was "willful and malicious." See: *Heskett* v. *Fisher Laundry & Cleaners Company, Inc.*, 217 Ark. 350 (p. 351), 230 S. W. 2d 28.