Carl FRAZIER & Gradie Frazier KIRBY
*v.* Fred FRAZIER

78-23

567 S.W. 2d 629

Opinion delivered June 26, 1978
(Division II)

*Sanders & Busby, Ltd.*, for appellants.

*McMillan, Turner & McCorkle,* for appellees.

DARRELL HICKMAN, Justice. This is an appeal from a decision in the Clark County Chancery Court affecting the ownership of 215 acres of land. The case originated when some of the heirs of Sam and Cadder Frazier filed a suit to partition the land. The suit was filed by five of the Frazier heirs or their representative on September 25, 1974. The suit was resisted by the remaining heirs, Carl Frazier and Gradie Frazier Kirby — the appellants here. The appellants filed with their pleadings a warranty deed conveying the 215 acres to Gradie. They argued the deed was signed by their mother, Cadder, after the death of their father. The appellants moved for summary judgment alleging that title to the 215 acres was Gradie's and, therefore, partition of the land would not lie. The chancellor denied the motion and after determining that the deed was, in fact, a forgery, ordered partition of the land.

The appellants appeal from the decision of the chancellor alleging seven errors, most of which relate to the chancellor's rulings regarding the deed. We find no merit in their arguments and affirm the judgment of the chancellor.

Sam and Cadder Frazier, both deceased, had seven children who are represented by the parties to this lawsuit. Sam Frazier died in January, 1964: there was no division of his property by deed or probate. His wife, Cadder, died in May, 1972, and there was still no division of the property at that time by probate or recorded deed.

Testimony used to establish title to the 215 acres revealed that most, but not all, of the 215 acres was held by the entirety by Sam and Cadder Frazier. No deed was found granting the Fraziers 75 acres og the 215 acres in question by the

entirety. Therefore, Cadder only had a dower interest in that land. Because the instrument offered as a deed by the appellants was to the entire 215 acres, if, in fact, the land was not held by the entirety by Sam and Cadder Frazier, then, of course, the deed could not affect the 75 acres.

It was not until this lawsuit was filed that this deed was offered and it can best be described by reproduction:

It was conceded by all the parties that this deed was not properly acknowledged. Gradie Frazier Kirby, the grantee, testified that after having a lawyer draft the deed in 1966, she took the instrument with her to Oregon. She returned to Arkansas the next year and had her mother, Cadder, sign a copy of the deed rather than the deed itself. Gradie first recorded the signed copy and the unsigned original in Dallas, Texas. Despite several attempts, she was unable to have the instrument properly recorded in Clark County, Arkansas. However, she succeeded in getting the instrument recorded, together with a note purported to be in the handwriting of Cadder, in the Miscellaneous Book of Records in Clark County, Arkansas. This was done in August, 1974, after this lawsuit was filed. A "Proof of Handwriting of the Grantor" signed by a justice of the peace on December 1974, some two years after the death of Cadder is on the back of the deed. It was also executed after this lawsuit was filed.

It is the appellants' argument that the deed was valid — vesting title to Gradie — and a partition suit could not therefore be maintained. Appellants also maintain that the court's ruling that the deed was a forgery, as well as not being subject to recordation, was erroneous.

It is a correct statement, of course, that generally partition will not lie where the title to the land is in dispute. *Hankins* v. *Layne*, 48 Ark. 544, 3 S.W. 821 (1886). However, in this case there is no question of adverse possession, and the dispute as to title was raised in a motion for summary judgment. The chancellor ruled that since the deed was not properly acknowledged it was not and could not be properly recorded. Also, the attempt to correct this deficiency did not comply with Arkansas law. The court, referring to Ark. Stat. Ann. §§ 49-209 and 49-210 (Repl. 1971), held that these statutes require that two witnesses to a signature on an instrument actually witness the signing of the instrument rather than testify as to the authenticity of the signature. This is a correct interpretation of the law. In this case the deed was not properly acknowledged and this deficiency was not cured by the attempt after the grantor's death to authenticate the signature. Therefore, this instrument was not entitled to the weight given to a properly recorded deed.

Summary judgment, of course, is not granted if there is a dispute as to the facts. See *Griffin* v. *Monsanto Co.*, 240 Ark. 420, 400 S.W. 2d 492 (1966). A fact question was raised as to the validity of the deed and the title to the 75 acres in response to the motion for summary judgment.

After listening to the testimony of the parties and viewing the instrument and other writings in the handwriting of Cadder, the court concluded that the signature on the deed was a forgery. The appellants argue that the court was wrong in making this finding and filed a motion for a new trial attaching to the motion an affidavit by an expert witness who stated that the signature was, in fact, that of Cadder. The court, in denying the motion, quite frankly recited its reasons. The court questioned the strange circumstances surrounding the deed: why it was only witnessed by Gradie; why there was no recordation for several years; why only the copy of the deed was signed and not the deed itself; why it was signed a year after the deed was dated; and, why Gradie was the only one to discuss this transaction with Cadder Frazier. Another deed, not in issue, was apparently signed at the same time as the deed in question. It concerned lots in Delight, Arkansas. However, it *was* recorded during the lifetime of Cadder Frazier. The chancellor did not believe the witness who brought forth the deed — Gradie Frazier Kirby. After listening to all of the peculiar circumstances surrounding the execution of the instrument, and viewing documents which were purportedly in the handwriting of the grantor, the court concluded that the deed was a forgery. The court also ruled that there was no evidence offered with the motion for a new trial that could be considered newly discovered evidence as defined by Arkansas law. The court concluded that all parties were on notice that forgery was an issue. We find no error on the part of the chancellor in denying the motion for a new trial.

The appellants argue the chancellor had no basis for finding the signature was a forgery. In this case the question of a forgery was an ultimate fact to be decided. It is, indeed, the duty of the chancellor to decide the ultimate facts. In this case the chancellor had the duty and responsibility, after hearing the evidence, to make such a decision. We cannot say his

decision was against the preponderance of the evidence. *Mercantile Bank* v. *Phillips,* 260 Ark. 129, 538 S.W. 2d 277 (1976).

After denying the motion for summary judgment and other pretrial motions, the court went on to find that the appellees were entitled to partition of the land. There is no doubt in our judgment that the court was correct in first denying the motion for summary judgment, which involved the question of the deed. Having disposed of that issue, the court was then in a position to deny or grant partition of the land. Therefore, we find no conflict on the question of whether chancery has jurisdiction to order partition when title to land may be an issue. The chancellor had jurisdiction of the case to determine the title dispute. He could properly retain jurisdiction for partition purposes once the title question was resolved. See *Hankins* v. *Layne, supra.*

The appellants had the burden of proving that they had title to the land. Their testimony and the offered instruments failed to meet that burden in the judgment of the chancellor. After a review of the record and a consideration of each allegation of error, we cannot say that the decision of the chancellor was against the preponderance of the evidence. Therefore, we affirm the decree of the chancellor.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOWARD, JJ.