GENERATION PRODUCTS COMPANY, Inc. *v.* Nancy
VAN HOYE

CA 87-414                                         748 S.W.2d 353

Court of Appeals of Arkansas
Division II
Opinion delivered April 27, 1988

82

*Raymond Harrill*, for appellant.

No brief filed.

MELVIN MAYFIELD, Judge. This is an appeal from a chancery court order dismissing the complaint filed by the appellants. The complaint alleged that appellants and appellee entered into a written lease agreement under which the appellee leased to the appellants the front boutique of the premises at 1917 North Grant Street, Little Rock, Arkansas. The lease provided that during its term the appellants would have the right of first refusal if the back boutique of the premises should become available.

The complaint further alleged that during the term of the lease the back boutique became vacant but that appellee let that portion of the building to other parties without notifying appellants; that when appellants discovered the back boutique had been relet, they demanded that if the premises again became vacant during the term of the lease, the appellee make the premises available to appellants; that the premises did again become vacant during the term of the lease but the appellee again breached the lease by letting the property to another party without notice to appellants. The complaint alleged that due to business expansion, and appellee's breach of the lease, the appellants were forced to move to another location to meet business needs; that they sustained damages as a result of the breach of the lease; and that they should have judgment for those damaged sustained.

The appellee answered and raised the defenses of laches, acquiescence, waiver, and estoppel based upon the allegation that appellants had known of the vacancies but had failed to contact the appellee about leasing the back boutique. On the same day,

the appellee filed a motion to transfer to chancery because of the equitable defenses raised. That motion was subsequently granted over the appellants' objection.

On the day set for trial, the chancellor talked in chambers to counsel for both parties. After reviewing the pleadings, the court said it found from the statements of counsel that the appellants' cause of action was barred by acquiescence, waiver, and estoppel. The court then dismissed the complaint on its own motion.

On appeal to this court, the appellants first argue that the chancellor was in error procedurally. However, in *Millsaps* v. *Nixon*, 102 Ark. 435, 144 S.W. 915 (1912), the court, on its own motion, while the opening statement was being made by defense counsel, stopped the proceedings and directed a verdict for the defendant on the basis that the opening statements of counsel showed that the plaintiff did not have a cause of action. This procedure is generally conceded to be within the power of the trial court. *See* 75 Am. Jur. 2d *Trial* § 505 (1974). Furthermore, in *Griffin* v. *Monsanto Co.*, 240 Ark. 420, 400 S.W.2d 492 (1966), the Arkansas Supreme Court treated the trial court's ruling on a motion to dismiss as a ruling on a motion for summary judgment. But in either procedure, no summary disposition of the litigation may be made if there are issues of fact to be resolved. *Griffin* and Am. Jur. 2d, *supra. See also* Ark. R. Civ. P. 56.

The first reason given in the trial court's judgment for dismissing the appellants' complaint was that their cause of action was barred by acquiescence. In 3 Pomeroy *Equity Jurisprudence* (5th ed.) § 817 (1941), it is said that acquiescence is simply a bar to equitable relief and leaves one to his legal action alone, and in order for this to occur "the acquiescence must be with knowledge . . . must be voluntary . . . and it must last for an unreasonable length of time."

The second basis stated for the chancellor's action was that the appellants' cause of action was barred by waiver. This involves an intentional surrender of a right.

Waiver is the voluntary abandonment or surrender by a capable person of a right known by him to exist, with the intent that he shall forever be deprived of its benefits. It may occur when one, with full knowledge of the material

facts, does something which is inconsistent with the right or his intention to rely upon it. . . . [C]onduct amounting to waiver should be carefully inspected and all evidence upon the subject impartially scrutinized. [Citations omitted.]

*Ray Dodge, Inc.* v. *Moore*, 251 Ark. 1036, 1039, 479 S.W.2d 518 (1972).

The final ground stated by the judgment as a reason for barring appellants' claim was estoppel. The rule with respect to estoppel has been stated as follows:

A party who by his acts, declarations or admissions, or by his failure to act or speak under circumstances where he should do so, either with design or willful disregard of others, induces or misleads another to conduct or dealings which he would not have entered upon, but for such misleading influence, will not be allowed, because of estoppel, afterward to assert his right to the detriment of the person so misled. . . . A party claiming estoppel must prove that he has relied in good faith on the conduct of the party against whom the estoppel is asserted to his detriment. [Citations omitted.]

*Bethell* v. *Bethell*, 268 Ark. 409, 424, 597 S.W.2d 576 (1980).

■ In his statements to the chancellor, counsel for the appellants did not admit or concede that the elements necessary for acquiescence, waiver, or estoppel existed. Nor can we find from his statements any indication that the existence of these issues would not depend upon the evidence presented. We, therefore, find that the chancellor erred in the summary dismissal of appellants' complaint.

Reversed and remanded.

COOPER and COULSON, JJ., agree.