CALDWELL TRUCKING SERVICE, INC. and James Caldwell *v.* NATIONAL INDEMNITY CO.

CA 88-177                                         771 S.W.2d 784

Court of Appeals of Arkansas
En Banc
Opinion delivered June 7, 1989

154

*Larry J. Steele*, for appellants.

*Wright, Lindsey & Jennings*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a summary judgment holding the appellants, Caldwell Trucking Service, Inc. and James H. Caldwell, jointly and severally liable for additional insurance premiums for coverage of "truckmen-hired automobiles" liability insurance. Appellants claim there are genuine issues of fact as to (1) coverage, (2) amount of premium due, and (3) which appellant is liable. We agree.

Appellee's complaint alleges that "Defendant is a domestic corporation" and that on June 22, 1980, the appellee issued to "James H. Caldwell d/b/a Caldwell Trucking Service, Inc., at defendant's request" an automobile liability and physical dam-

age insurance policy No. BA 30 57 53. The complaint also alleges that pursuant to the terms of the policy the appellee conducted an audit on July 16, 1981, which reflected an "earned premium of $29,960.00 during the term" of the above policy. It is alleged that this amount has not been paid. Also, that on June 22, 1981, another policy, No. BA 33 74 04 was issued with "defendant's consent and agreement" and under that policy an additional premium was due but the exact amount "is unknown pending discovery." The judgment, however, was only for $29,960.00, plus interest and attorney's fees.

The pleadings, exhibits, discovery, and other matters in the record disclose the following information.

The policy issued by the appellee on June 22, 1980, was a basic automobile liability and physical damage insurance policy which covered a "1979 Ford 1/2 Ton." Mr. Caldwell requested that "hired auto coverage" be added to this policy, for which he paid an additional premium of $1,790.00, but he informed appellee that no vehicles were being hired at the time. The company added endorsements to the policy which provided (1) for revisions in the premiums for the "1979 Ford 1/2 Ton" and hired autos; (2) that the radius of operations was "over 200 miles;" and (3) that the named insured was amended to read "Caldwell Trucking Service, Inc."

Subsequently, the insurance company conducted an audit and concluded that additional premiums of $26,235.00 were due for "hired autos." When appellants refused to pay the additional premiums, appellee filed this suit contending that certain truck drivers were "hired employees." Appellants contended the truck drivers were independent contractors who owned their own trucks and carried their own insurance. The policy endorsement involved provides that the meaning of the term "hired automobile" is "an automobile not owned by the named insured which is used under contract in behalf of, or loaned to, the named insured . . . ."

In response to interrogatories, the appellants said "No trucks were leased or rented. Individuals who owned trucks were hired for various jobs." During the period of time involved "no employees drove trucks." The individuals hired were "independent truckers; they were not employees." It is the appellants'

contention that the vehicles for which the appellee is trying to charge a premium were owned by independent contractors and were not "hired automobiles" as defined in the policy because they were not used "under contract" with the appellants. It is claimed that the meaning of the term "under contract" should be construed against the insurance company; that the term is ambiguous; and that its meaning should be decided by the fact finder, not by the court on a motion for summary judgment.

Appellants argue that the meaning of the term "cost of hire" is also ambiguous and presents a question of fact which should not have been decided by summary judgment. According to a section of the insurance policy entitled "Truckmen-Hired Automobiles," "when used as a premium basis: 'cost of hire' means the amount incurred for hired automobiles, including the entire remuneration of each employee of the named insured engaged in the operation of such automobiles subject to an average weekly maximum remuneration of $100." Appellant's position is that there was no "employee of the named insured engaged in the operation of such vehicles" since the truck drivers were independent contractors, not employees of the named insured.

Finally, it is claimed that judgment should not have been entered against the appellant, James H. Caldwell, individually, because the endorsement providing for hired automobile coverage was issued to a corporation, Caldwell Trucking Service, Inc., and not James H. Caldwell individually.

██ Summary judgment is an extreme remedy which should only be allowed when it is clear that there is no issue of fact to be litigated. *Johnson v. Stuckey & Speer, Inc.*, 11 Ark. App. 33, 665 S.W.2d 904 (1984). Motions for summary judgment are governed by some well-established principles of law. In *Walker v. Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1981), we summarized:

> On such motions the moving party has the burden of demonstrating that there is no genuine issue of fact for trial and any evidence submitted in support of the motion must be viewed most favorably to the party against whom the relief is sought. Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might

reasonably be drawn and reasonable men might differ. *Hendricks [Henricks]* v. *Burton,* 1 Ark. App. 159, 613 S.W.2d 609 (1981); *Dodrill* v. *Arkansas Democrat Co.,* 265 Ark. 628, 590 S.W.2d 840 (1979); *Braswell* v. *Gehl,* 263 Ark. 706, 567 S.W.2d 113 (1978). The object of summary judgment proceedings is not to try the issues, but to determine if there are any issues to be tried, and if there is any doubt whatsoever the motion should be denied. *Trace X Chemical, Inc.* v. *Highland Resources, Inc.,* 265 Ark. 468, 579 S.W.2d 89 (1979); *Ashley* v. *Eisele,* 247 Ark. 281, 445 S.W.2d 76 (1969). A motion for summary judgment cannot be used to submit a disputed question of fact to a trial judge. *Griffin* v. *Monsanto Co.,* 240 Ark. 420, 400 S.W.2d 492 (1966).

3 Ark. App. at 210.

■ The appellee contends that appellants' answers to discovery interrogatories admitted that Caldwell Trucking "operated pursuant to lease agreements with the drivers" and "regardless of the relationship between appellants and the individuals driving the trucks, a cost of hire was incurred, coverage was provided, and a premium was contracted for and owed." We think appellee's statement overlooks certain provisions of the policy it issued and the fact that this is an appeal from a summary judgment. The appellants in response to discovery interrogatories also stated that "No trucks were leased or rented. Individuals who owned trucks were hired for various jobs." Operating pursuant to lease agreements with the *drivers* may not be the same as a *vehicle* "under contract . . . or loaned to the named insured," which is the policy's definition of a "hired auto" and the basis upon which the policy allows the additional premiums to be collected. So, we think an issue of fact was presented in this regard.

■ The same analysis applies to the term "cost of hire" used in the policy. That term is defined as "the amount incurred for hired automobiles" and whether the appellants hired *automobiles* or *drivers* is an issue of fact in this case.

■ And, surely, under the state of the record described above, it was a question of fact as to whether the corporation or James H. Caldwell the individual—either or both—owed any

additional premiums due.

We reverse the summary judgment and remand for further proceedings consistent with this opinion.

JENNINGS and ROGERS, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. I do not agree that the trial court erred in granting summary judgment in regard to either coverage or the amount of the premium due. Furthermore, I cannot agree that a question as to which appellant is liable has been raised, either in the trial court or on this appeal. I would affirm.

ROGERS, J., joins in this dissent.