Barbara J. PAMBIANCHI  *v.*  Robert HOWELL, et al.

CA 06-1239                                             265 S.W.3d 788

Court of Appeals of Arkansas
Opinion delivered October 24, 2007

*Sara Sawyer Hartness*, for appellant.

*Laser Law Firm, P.A.*, by: *Alfred F. Angulo, Jr.*, and *Brian A. Brown*, for appellees.

JOHN MAUZY PITTMAN, Chief Judge. This is an appeal from the dismissal of a tort action on the grounds that it was barred by the statute of limitations. Appellant argues that the trial court erred in dismissing her claims *sua sponte* and in determining that the statute of limitations had expired. We affirm.

The appellant was injured in a multi-vehicle accident on June 9, 2000, that was caused by appellee Howell's negligent burning of field stubble, which created a great deal of smoke and obscured the roadway. Appellant was represented by counsel at all

times except for a three-day period after she discharged her second attorney and before she retained her third attorney in February 2002. During this three-day period, appellant settled her claim against Howell, executing a release and obtaining $46,763.88 from his insurance carrier, Southern Farm Bureau. More than a year after executing the release, appellant filed a tort claim against all the alleged tortfeasors except Howell. Although appellant had been represented by counsel for more than a year since executing the release, Howell was not sued along with the others, and appellant did not allege that the release she executed was invalid. The three-year limitation period for suit against Howell expired on June 9, 2003.

More than one year afterward, appellant filed suit against Howell for negligence, and against the insurers and their agents alleging that the release was procured by fraud because an agent obtained appellant's consent to the release when she was under the influence of medication, and because the agent "advised her of her legal right and expected recovery from other potential claimants in her claim." Appellees raised the statute of limitations as a defense. After requesting briefs, the trial judge ruled that the expiration of the statute of limitations mooted her claim of fraud and dismissed.

■ We do not agree that the trial court erred in dismissing appellant's claims in the absence of a formal motion to dismiss by appellees. Appellees raised the defense of statute of limitations, which would present an absolute bar to appellant's claims, and because the complaint, on its face, was filed outside the statute of limitations, the trial court at a pretrial hearing requested briefs on that issue. After considering the briefs, the trial court found that the claims were barred and dismissed them. This situation is factually indistinguishable from that presented in *Generation Products Co. v. Van Hoye*, 24 Ark. App. 81, 748 S.W.2d 353 (1988), where we held it was within the trial court's authority to dismiss a complaint on its own motion on the basis of affirmative defenses after his review of the pleadings and in-chambers statements of counsel showed that those defenses barred the complaint.

When the running of the statute of limitations is raised as a defense, the defendant has the burden of affirmatively pleading this defense, as was done in the present case; moreover, once it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of

limitations was in fact tolled. *Curry v. Thornsberry*, 354 Ark. 631, 128 S.W.3d 438 (2003). Fraudulent concealment suspends the running of the statute of limitations, but the suspension remains in effect only until the party having the cause of action discovers the fraud or should have discovered it by the exercise of due diligence. *Id.*; *see Shelton v. Fiser*, 340 Ark. 89, 8 S.W.3d 557 (2000); *Martin v. Arthur*, 339 Ark. 149, 3 S.W.3d 684 (1999). In order to toll the statute of limitations, a plaintiff is required to present evidence creating a fact question related to some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself. *Meadors v. Still*, 344 Ark. 307, 40 S.W.3d 294 (2001). Furthermore, if the plaintiff, by the exercise of reasonable diligence, might have detected the fraud, he is presumed to have had reasonable knowledge of it. *Curry v. Thornsberry, supra.*

Appellant argues that the release was fraudulently procured, thus tolling the statute of limitations. As noted above, the appellant's argument that the release was procured by fraud and was thus invalid was premised on the factual assertions that an agent of appellee insurers obtained appellant's consent to the release when she was under the influence of medication, and that this agent "advised her of her legal right and expected recovery from other potential claimants in her claim." Clearly, appellant failed to allege facts that would avoid the statute of limitations defense raised by appellee.

Even assuming appellant's factual allegations to be true, she could not justifiably have relied upon the agent's alleged misrepresentations to her detriment because, within three days of her execution of the release, she was again represented by counsel who were aware of the release at the time suit was filed, as evinced by their failure to sue Howell along with the other alleged tortfeasors. Appellant could have brought this suit against Howell within the time period allowed by the statute of limitations simply by arguing that the release instrument should be cancelled as fraudulently obtained, or by countering a defense of release with the counter-defense of invalidity by virtue of fraudulent inducement. It is only concealed fraud that suspends the running of the statute of limitations, and the suspension remains in effect only until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence. *Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 66 S.W.3d 568 (2002).

Appellant, represented by counsel, should by reasonable diligence have discovered any of the assertedly fraudulent statements of law or likely outcomes within the period of more than one year that elapsed between appellant's execution of the release and the timely commencement of her action against the other tortfeasors.

Likewise, it is clear that no independent action for the tort of fraud or deceit against the insurers and agents would lie, even if filed within three years of the alleged fraudulent statements. The essential elements of deceit are: (1) a false representation of a material fact; (2) knowledge that the representation is false or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; (5) damage suffered as a result of the reliance. *Aon Risk Services v. Mickles*, 96 Ark. App. 369, 242 S.W.3d 286 (2006). Even assuming that appellee's agent misrepresented the law to appellant, this would not constitute a false representation of a material fact:

> As a general rule, fraud cannot be predicated upon misrepresentations as to matters of law, nor upon opinions on questions of law based on facts known to both parties alike, nor upon representations as to what the law will not permit to be done, especially when the representations are made by the avowed agent of the adverse interest. Reasons given for this rule are that every one is presumed to know the law, both civil and criminal, and is bound to take notice of it, and hence has no right to rely on such representations or opinions, and will not be permitted to say that he was misled by them.

*Adkins v. Hoskins*, 176 Ark. 565, 575, 3 S.W.2d 322, 326 (1928) (citation omitted).

The only other fraudulent statements alleged to have been made by the agent consisted of apprising appellant of her "expected recovery from other potential claimants in her claim." However, appellant's "expected recovery" is a future event, and fraud cannot be predicated on a prediction of a future event:

> In the context of negotiating a contract, a misrepresentation sufficient to form the basis of a deceit action may be made by one prospective party to another and must relate to a past event, or a present circumstance, but not a future event. An assertion limited to a future event may be a promise that imposes liability for breach of contract or a mere prediction that does not, but it is not a misrepresentation of that event.

*South County, Inc. v. First Western Loan Co.*, 315 Ark. 722, 727-28, 871 S.W.2d 325, 327 (1994).

■■ Finally, as we stated in our discussion of fraud or concealment as a defense to formation of the release contract, appellant had more than ample time and opportunity after she should by reasonable diligence have discovered the asserted fraud to bring suit against Howell and to counter the defense of release with the present allegation that it had been fraudulently obtained. Consequently, appellant cannot show that she was damaged by that fraud, and false representations not resulting in injury are not actionable. *Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 66 S.W.3d 568 (2002).

Affirmed.

GLADWIN and ROBBINS, JJ., agree.